COURT OF APPEALS OF VIRGINIA

Present:  Judge Annunziata, Senior Judges Cole and Duff
          Argued at Alexandria, Virginia

COMMONWEALTH OF VIRGINIA

v.          Record No. 2047-95-4     MEMORANDUM OPINION[*] BY
                                     JUDGE MARVIN F. COLE
TONY SIRREL MANN                        FEBRUARY 6, 1996

          FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
                     Donald Hall Kent, Judge

          John H. McLees, Jr., Assistant Attorney General
          (James S. Gilmore, III, Attorney General, on
          brief), for appellant.

          J. Amy Dillard, Assistant Public Defender, for
          appellee.


     The appellee, Tony Sirrel Mann ("Mann"), was indicted for

possession of cocaine.  Following an evidentiary hearing, the

trial court granted Mann's motion to suppress, concluding that

the police lacked probable cause to arrest Mann.  The

Commonwealth appeals that ruling pursuant to Code § 19.2-398(2).

 For the reasons that follow, we reverse and remand.

     In reviewing a trial court's denial of a motion to suppress,

"the burden is upon [the appellant] to show that this ruling,

when the evidence is considered most favorably to the

Commonwealth, constituted reversible error."  Fore v.

Commonwealth, 220 Va. 1007, 1010, 265 S.E.2d 729, 731, cert.

denied, 449 U.S. 1017 (1980).  "When an arrest is challenged on

constitutional grounds, the Commonwealth has the burden to prove

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

the arrest was based on probable cause."  Watson v. Commonwealth, 19 Va. App. 659, 664, 454 S.E.2d 358, 361 (1995).

On March 25, 1995, at about 11:10 p.m., Alexandria Police Officer William G. Bunney ("Bunney") was in a concealed location, watching for drug violations.  This location was selected because it was an area with a "high incidence of drug activity" and "a lot of buyers come in and leave from" it.  Street lights and lights from adjacent dwellings illuminated the area.  Stationed twelve to fifteen feet above street level, Bunney observed Mann walking alone towards his position from the direction of a group of men Bunney had been observing.  Bunney did not observe Mann as part of the group, and he did not see the group engaging in any suspicious activity.

From a distance of approximately twenty-five feet, Bunney, with his naked eye, observed Mann lift his right hand and open his palm, exposing a small, off-white, rock-like object about three-quarters the size of a green pea.  Bunney saw Mann look at the object briefly, then close his hand, returning it to his side.  Believing Mann possessed cocaine, Bunney called for his arrest.  Another Alexandria police officer, responding to the request, made the arrest, conducted a search incident to the arrest, and seized the alleged contraband.

Mann filed a motion to suppress and an evidentiary hearing was held on the motion.  The only evidence presented at the hearing was the testimony of Bunney and the officer who made the

arrest. Their testimony was uncontradicted and unimpeached in any manner. Bunney testified that he had been employed as a police officer for the City of Alexandria for ten years, seven of which he was assigned to street level interdiction of narcotics. In this capacity, he had seen crack cocaine in excess of a thousand times. Bunney testified that he focused his attention on Mann and he had a clear and unobstructed view of him.

Regarding the incident involved in this case, he stated:

> At one point, he simply brought up his right hand, opened it up. I could detect a small, light colored object. He looked at it very briefly, closed his hand, put his hand back down. All this, while proceeded to walk [sic].

Bunney testified that he could clearly see the entire palm of Mann's hand. He further described the object in the hand as off-white in color, not perfectly round, or square, or cylindrical. It was not packaged and was a rock-like object. He said the object was smaller than a household eraser and probably three-quarters the size of a green pea. He testified that based upon his training and experience, he "believed it to be a rock of crack cocaine." Based upon this conclusion, Bunney had another officer arrest Mann for possession of cocaine. Bunney identified the defendant as the person that he observed on the street.

The only issue in this case is whether the police had probable cause to arrest Mann and, incident to that arrest, to seize from him the object that Officer Bunney believed to be crack cocaine. The test of the constitutional validity of a

warrantless search "'is whether at the moment of arrest the arresting officer had knowledge of sufficient facts and circumstances to warrant a reasonable man in believing that an offense has been committed.'" Hardy v. Commonwealth, 11 Va. App. 433, 434, 399 S.E.2d 27, 28 (1990) (quoting DePriest v. Commonwealth, 4 Va. App. 577, 583-84, 359 S.E.2d 540, 543 (1987), cert. denied, 488 U.S. 985 (1988)). Furthermore, "we are required to 'test what the totality of the circumstances meant to police officers trained in analyzing the observed conduct for purposes of crime control.'" Derr v. Commonwealth, 6 Va. App. 215, 220, 368 S.E.2d 916, 918 (1998) (quoting Hollis v. Commonwealth, 216 Va. 874, 877, 223 S.E.2d 887, 889 (1976)). See also Buck v. Commonwealth, 20 Va. App. 298, 302, 304, 456 S.E.2d 534, 536 (1995); DePriest, 4 Va. App. at 584, 359 S.E.2d at 543.

> The United States Supreme Court has frequently remarked that probable cause is a flexible, common-sense standard. It merely requires that the facts available to the officer would "warrant a man of reasonable caution in the belief" that certain items may be contraband or stolen property or useful as evidence of a crime; it does not demand any showing that such a belief be correct or more likely true than false. A "practical, nontechnical" probability that incriminating evidence is involved is all that is required.

Texas v. Brown, 460 U.S. 730, 742 (1983) (citations omitted). Accord Delong v. Commonwealth, 234 Va. 357, 366, 362 S.E.2d 669, 673 (1987), cert. denied, 485 U.S. 929 (1988) (using identical language to define probable cause).

In *Illinois v. Gates*, 462 U.S. 213 (1983), the Supreme Court said:

> [P]robable cause requires only a probability or substantial chance of criminal activity, not an actual showing of such activity. By hypothesis, therefore, innocent behavior frequently will provide the basis for a showing of probable cause; to require otherwise would be to sub silentio impose a drastically more rigorous definition of probable cause than the security of our citizens demands. . . . In making a determination of probable cause the relevant inquiry is not whether particular conduct is "innocent" or "guilty", but the degree of suspicion that attaches to particular types of noncriminal acts.

462 U.S. at 243-44, n. 13. See also *United States v. Sokolow*, 490 U.S. 1, 8 (1989).

> Ordinarily, uncontradicted evidence should be accepted as true and cannot be wholly discredited or disregarded if not opposed to probabilities, even though the witness is an interested party. Uncontradicted evidence is not, however, necessarily binding on the court or the jury. It may be disbelieved where it is inherently improbable, inconsistent with circumstances in evidence, or somewhat contradictory in itself, especially where the witness is a party or is interested. Neither courts nor juries are required to believe that which they know from ordinary experience is incredible.

*Stegall v. Commonwealth*, 208 Va. 719, 722, 160 S.E.2d 566, 568 (1968) (citing *Belton v. Commonwealth*, 200 Va. 5, 9, 104 S.E.2d 1, 4 (1958)); *Blankenship v. Commonwealth*, 193 Va. 587, 593, 70 S.E.2d 335, 338 (1952)).

In this case, the testimony of Officer Bunney was

uncontradicted and unimpeached.  It was not inconsistent with any circumstances in evidence, and was not contradictory.  Therefore, the trial court had no reason to disbelieve it upon this record at this stage of the proceedings.  The undisputed evidence clearly proved that Bunney had a reasonable belief that the object in the defendant's hand was cocaine.  He observed it in plain view right before his eyes.  See Carson v. Commonwealth, 12 Va. App. 497, 501, 404 S.E.2d 919, 921, aff'd on reh'g en banc, 13 Va. App. 280, 410 S.E.2d 412 (1991), aff'd, 244 Va. 293, 421 S.E.2d 415 (1992) (holding that officer may seize item if he is in lawful position to see item and it is immediately apparent that item is evidence of crime).  Therefore, the police officers were justified in arresting Mann and seizing the object as an incident of the arrest.  Accordingly, the ruling of the trial court was plainly wrong and without evidence to support it.

For these reasons, we reverse the trial court's order suppressing evidence of the alleged cocaine because the police officers lacked probable cause to arrest Mann and remand for further proceedings.

Reversed and remanded.

Annunziata, J., dissenting.

The question before this Court is whether Bunney had probable cause to believe the object Mann held was crack cocaine. As stated in the majority opinion, the standard we apply in making this determination is whether

> the facts available to [Bunney] would `warrant a man of reasonable caution in the belief' that [the item Mann held] may [have been] contraband . . . or useful as evidence of a crime; it does not demand any showing that such a belief be correct or more likely true than false.

Delong v. Commonwealth, 234 Va. 357, 366, 362 S.E.2d 669, 674 (1987), cert. denied, 485 U.S. 929 (1988) (quoting Texas v. Brown, 460 U.S. 730, 741-42 (1983)); Commonwealth v. Ramey, 19 Va. App. 300, 304, 450 S.E.2d 775, 777 (1994) (same). But see 2 Wayne R. LaFave, Search & Seizure, § 3.2(e), at 82 (3rd Ed. 1996) (suggesting a more probable than not standard in such a circumstance).[1]

---

[1] LaFave suggests a higher standard should be applied when the question is whether there is probable cause to believe a crime has occurred:

> It is commonly said that `an arrest and search based on events as consistent with innocent as with criminal activity are unlawful,' so that if the observed pattern of events `occurs just as frequently or even more than frequently in innocent transactions, the pattern is too equivocal to form the basis for such a warrantless arrest.'

LaFave, supra, § 3.2(e), at 69 (citations omitted). See also People v. McRay, 416 N.E.2d 1015, 1019 (N.Y. 1980).

I first note that the trial court applied the correct standard in determining Bunney lacked probable cause to arrest Mann. Nothing in the record suggests the court demanded proof that Bunney's belief that he observed cocaine be correct or be more probably so than not. Moreover, the record does not suggest that the court failed to consider the evidence from the perspective of the reasonable police officer "trained in analyzing the observed conduct for purposes of crime control." See Derr v. Commonwealth, 6 Va. App. 215, 220, 368 S.E.2d 916, 918 (1988) (citation omitted). Rather, it appears the court credited both Bunney's experience and his testimony concerning what he saw.

In weighing Bunney's testimony, however, the trial court made a factual determination that probable cause did not exist. As such, the trial court's determination will be affirmed unless it is plainly wrong or unsupported by the evidence. See Code § 8.01-680; Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991); see also LaFave, supra, § 11.7(c), at 401 ("the reviewing court will affirm the trial court's determinations unless `it is left with the definite and firm conviction that a mistake has been committed'") (citation omitted).

The considerable deference accorded the trial judge's determination of probable cause under the "plainly wrong" analysis reflects the difficulty inherent in evaluating the

quantum of information which is required to support a finding of probable cause. "The distinction between `reasonable belief' and `bare suspicion' remains elusive and can only be determined by focusing on the precise facts of individual cases." Ronald J. Bacigal, Virginia Criminal Procedure § 4-7 (3d ed. 1994). As between the trial and appellate courts, the former is assigned the "primary responsibility" for making this distinction as it is in the "superior position" to evaluate and weigh the evidence. LaFave, supra, § 11.7(c), at 401 (citing United States v. McConney, 728 F.2d 1195 (9th Cir. 1984)).

I find the court's determination that Bunney lacked probable cause to arrest Mann was not plainly wrong or unsupported by the evidence. Distilled to its essence, the evidence shows that the only activity Bunney witnessed from his perch, some twenty-five feet away, bearing any relationship to a belief that Mann carried crack cocaine was Mann looking at an off-white, rock-like object three-quarters the size of a pea that he held in his hand while he walked in an area known for drug trafficking.

The remaining circumstances under which Bunney observed Mann were innocent in character. Bunney did not see Mann engaged in the activities of the group he had under surveillance for conduct involving controlled substances, and he saw no suspicious activity by the group itself. He observed no packaging materials, drug paraphernalia, or consumptive activity by Mann. The fact that Mann approached from the direction where the group

was located is of little, if any, import. And, Bunney's testimony that Mann walked as if he had just bought crack was conclusory and lacked the articulation of "objective facts that could justify the issuance of a warrant by a magistrate." Derr, 6 Va. App. at 220, 368 S.E.2d at 918 (1988) (citation omitted); Cf. DePriest v. Commonwealth, 4 Va. App. 577, 584, 359 S.E.2d 540, 543 (1987), ("In assessing an officer's probable cause for making a warrantless arrest, no less strict standards may be applied than are applicable to a magistrate's determination that an arrest warrant should issue."), cert. denied, 488 U.S. 985 (1988) (citation omitted). Moreover, Bunney initially testified that Mann walked at a "normal gait." As such, the court did not err in failing to accord great weight to the testimony regarding Mann's manner of walking in its review of the totality of the circumstances.

The remaining circumstance--the character of an area--is clearly a relevant circumstance to consider. See DePriest, 4 Va. App. at 585, 359 S.E.2d at 544; LaFave, supra, § 3.6(g), at 333-37. However, weighing the nature of an area too heavily has the consequence of adversely affecting honest citizens who live there. Id. at 334 (citation omitted); see also Riley v. Commonwealth, 13 Va. App. 494, 498, 412 S.E.2d 724, 726-27 (1992). The proper balance is struck by "using the crime problem in the area only to give meaning to highly suspicious facts and circumstances." Id. at 336-37 (emphasis added) (citation

omitted); see also United States v. Gonzalez, 362 F. Supp. 415, 421-22 (S.D.N.Y 1973). Under the facts of this case, the trial court's implicit finding that Mann's activity was not so suspicious as to accord great weight to the character of the neighborhood in which the incident took place, was not plainly wrong.

In summary, the trial court's determination that Bunney had insufficient cause to arrest Mann was predicated on its evaluation of the totality of the circumstances and was not plainly wrong. The court weighed Bunney's experience and testimony, the size and color of the object, and Bunney's vantage point against the absence of any other circumstance which would support something more than bare suspicion that the object Mann held was crack cocaine. Moreover, Bunney himself conceded that the presence of additional suspicious circumstances enhanced the reliability of his bare observation of the suspected substance.[2] Such circumstances were absent here. Accordingly, I would affirm.

---

[2]At the hearing, the following colloquy took place:

> THE COURT: But generally, when you spot somebody like this, there's something else that brings them to your attention, other than the fact that they've got something in the palm of their hand. There's a cash transaction going on?
>
> [BUNNEY]: Or the way they're acting, or the way they're standing. Yes, sir.