**Alexandria**

MICHAEL H. SALAMA

v.

COMMONWEALTH OF VIRGINIA

No. 1013-87-4

Decided June 6, 1989

COUNSEL

James F. Hurd (Odin, Feldman & Pittleman, P.C., on brief), for appellant.

William T. Burch, Commonwealth's Attorney, for appellee.

OPINION

**KEENAN, J.**—Michael H. Salama appeals from an order declaring him an habitual offender pursuant to the Virginia Habitual Offender Act (Act), Code § 46.1-387.1 *et seq.* The issue presented in this appeal is whether the provisions of the Act that authorize the trial court to refuse entry of an habitual offender order,[1] provisions that apply only to individuals convicted of driv-

---

[1] Code § 46.1-387.3 provides in pertinent part:

[T]he court may refuse to enter an order as provided in § 46.1-387.6 if such certification was made more than five years after conviction of said offense and such person would otherwise be eligible for restoration of his privilege under § 46.1-387.9:2.

Code § 46.1-387.9:2 provides:

Any person who has been found to be an habitual offender where such adjudication was based in part and dependent on a conviction as set out in § 46.1-387.2(a)(2) and (3), the latter subdivision now repealed, may, after the expiration

ing under the influence of intoxicants or other drugs, create an unreasonable classification in violation of the fourteenth amendment's guarantee of equal protection of laws. Salama argues that the Act violates the equal protection clause of the United States Constitution because it gives the trial court discretion to refuse to enter an order declaring a person an habitual offender when the DMV certification occurred more than five years after the third conviction and was based in whole or part on alcohol or drug related offenses, while the court has no similar discretion when the DMV certification is based upon convictions for driving on a suspended or revoked operator's license. We find that this classification, in its application to Salama, does not violate equal protection.

Salama was convicted twice in Virginia and once in Maryland of driving on a suspended or revoked operator's license. The convictions occurred on July 21, 1976, May 14, 1980, and July 24, 1980, respectively. On January 20, 1987, the Department of Motor Vehicles (DMV) certified to the Commonwealth's attorney that Salama's driving record brought him within the purview of the Habitual Offender Act. Salama's driving record, which was attached to the certificate, made no reference to any alcohol related offenses. On July 22, 1987, the trial court entered an order declaring Salama an habitual offender.

The fourteenth amendment does not prohibit classifications in legislative enactments. Legislative classifications are, however, subject to judicial review. When the classification involves a fundamental constitutional right, a suspect classification (such as race or national origin), or the characteristics of alienage, sex or

---

of five years from the date of such adjudication, petition the court in which he was found to be an habitual offender, or in the circuit court in the political subdivision in which such person then resides for restoration of his privilege to operate a motor vehicle in this Commonwealth. Upon such petition, and for good cause shown, the court may, in its discretion, restore to such person the privilege to operate a motor vehicle in this Commonwealth upon such terms and conditions as the court may prescribe, subject to other provisions of law relating to the issuance of driver's licenses, if the court is satisfied from the evidence presented that: (i) at the time of such previous convictions, the petitioner was addicted to or psychologically dependent upon the use of alcohol or other drugs; (ii) at the time of the hearing on the petition, he is no longer addicted to or psychologically dependent upon the use of alcohol or such other drug; and (iii) the defendant does not constitute a threat to the safety and welfare of himself or others with regard to the operation of.a motor vehicle.

legitimacy, they are subject to close judicial scrutiny. Such classifications are constitutionally permissible only when designed to achieve an important, compelling or overriding governmental objective or, in some cases, when the classification bears a substantial relationship to an important government objective. *See City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 440-41 (1985). In contrast, classifications not involving fundamental rights or inherently suspect classifications will survive an equal protection challenge if they bear a "reasonable" relation to a "legitimate" governmental objective. *New Orleans v. Dukes*, 427 U.S. 297, 303 (1976). This standard of review is highly deferential and such legislative classifications are presumed valid. *Massachusetts Bd. of Retirement v. Margia*, 427 U.S. 307, 314 (1976). Classifications will not be deemed unconstitutional just because they result in some statutory discrimination or inequality. *Dandridge v. Williams*, 397 U.S. 471, 485 (1970). The principle was explained in *Dandridge*:

> If the classification has some "reasonable basis," it does not offend the Constitution simply because the classification "is not made with mathematical nicety or because in practice it results in some inequality.". . . "The problems of government are practical ones and may justify, if they do not require, rough accommodations — illogical, it may be, and unscientific.". . . "A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it."

*Id.*

■ The purpose of the Habitual Offender Act, as stated in Code § 46.1-387.1, is "[t]o provide maximum safety for all persons who travel or otherwise use the highways of the Commonwealth," by removing from such highways drivers whose records demonstrate that they are dangerous and pose a threat to the public. As Salama concedes, the objective of the Act as set forth in Code § 46.1-387.1 is legitimate. Therefore, whether the statute survives an equal protection attack depends upon whether the classification, in its application to Salama, bears a reasonable relationship to that governmental objective.

Initially, we stress that the Act places severe limitations on the trial court's discretionary authority to refuse entering an habitual

offender order. In addition to the requirement of Code § 46.1-387.3 that the DMV certification be made more than five years after conviction of the most recent qualifying offense, the court must also find that:

> (i) at the time of such previous convictions, the petitioner was addicted to or psychologically dependent upon the use of alcohol or other drugs; (ii) at the time of the hearing on the petition, he is no longer addicted to or psychologically dependent upon the use of alcohol or such other drug; and (iii) the defendant does not constitute a threat to the safety and welfare of himself or others with regard to the operation of a motor vehicle.

Code § 46.1-387.9:2. The trial court must make these findings of fact before refusing to enter an habitual offender order. We believe that these limitations bear a reasonable relationship to the purposes of the Act. The distinction made in this statute between alcoholics or drug addicts and other drivers is plainly justifiable. It distinguishes between a class of people who have suffered from the debilitative diseases of alcohol or drug addiction, but who have been cured, and a class of people who have violated the laws of the Commonwealth for no apparent reason. This statutory classification is based on the rationale that the unlawful acts of the alcoholics or drug addicts will stop when these individuals are cured of their chemical dependence. The rationale does not apply to individuals who, for no apparent reason, repeatedly and intentionally violate the law.

Based on this distinction, we find that there is a "reasonable basis" for this classification. We recognize that there are those who would disagree with the rationale of this classification. However, since the classification does not rise to the level of being constitutionally impermissible, it remains a matter for the legislature's attention. Accordingly, we affirm the trial court's decision and Salama's habitual offender adjudication.

*Affirmed.*

Barrow, J., and Coleman, J., concurred.