## Norfolk

JOHN T. DOTTI, D.C.

v.

VIRGINIA BOARD OF MEDICINE

No. 0657-90-1

Decided July 1, 1991

Paul E. Turner, Jr., for appellant.

Howard M. Casway, Assistant Attorney General (Mary Sue Terry, Attorney General; Roger L. Chaffe, Senior Assistant Attorney General; Evelyn R. Fleming, Assistant Attorney General, on brief), for appellee.

OPINION

**BARROW, J.**—The appellant, a chiropractor, appeals a reprimand by the Virginia Board of Medicine. He contends that Code § 54.1-2938, requiring chiropractors to use the word chiropractor with their name if they use the title doctor, and Code § 54.1-2914(A)(12), prohibiting the publication of a claim of superiority, are unconstitutional. We hold that Code § 54.1-2938 does not violate the equal protection clause of the fourteenth amendment and that, although Code § 54.1-2914(A)(12) is not unconstitutionally vague, its application to the appellant impinged upon his right to free speech.

The Virginia Board of Medicine held a formal administrative hearing to determine (1) whether the appellant's business card violated Code § 54.1-2938 which requires "[c]hiropractors using the title 'Doctor' or 'Dr.' in connection with their names [to] also use the word 'Chiropractor' or 'D.C.,'" and (2) whether the appellant's advertisement, published in the Yellow Pages of a local telephone directory, violated Code § 54.1-2914(A)(12) which prohibits the publishing of an advertisement by a practitioner of the healing arts containing "a claim of superiority."

The appellant's business card reads:

TIDEWATER
CHIROPRACTIC CENTER

Preventive Family Health Care

**DR. JOHN T. DOTTI**

(phone number and address omitted). The appellant testified at the hearing that every time he handed out the card, the recipient looked at it and responded, "Oh, so you're a chiropractor."

The appellant's Yellow Pages' advertisement states that the appellant is a "Sports Medicine Specialist." In support of his position that he is a sports medicine specialist, the appellant testified that: he took a variety of courses at Texas Chiropractic College related to sports medicine; he participated in a sports medicine program while attending chiropractic college; he is a former member of the ACA Council on Sports Medicine; he has served on a voluntary basis as a staff physician with college and private athletic teams; he was formerly associated with Gold's Gym; and he

attended two different seminars on sports medicine in 1986, one in Virginia Beach and one in Florida. The appellant testified that he was not certified in the area of sports medicine because "[t]he Medical Board will not certify chiropractors." He also testified that he received Continuing Chiropractic Education credit for the seminar in Virginia Beach and "would have received [credits] from the State of Florida if [he] had applied for them, but since [Virginia] doesn't recognize such procedures, [he] didn't apply for them."

The Board found the appellant in violation of both statutes and, in addition to reprimanding him, ordered him to cease and desist from advertising in violation of the statutes. On appeal, the circuit court found that the appellant failed to demonstrate an error of law and affirmed the decision of the Board.

## I. THE BUSINESS CARD

■ In Virginia, if a chiropractor uses the title "Doctor" in connection with his or her name, he or she is required to also use the word "Chiropractor" or "D.C." with his or her name.[1] Code § 54.1-2938. In support of its conclusion that the appellant was in violation of this statute, the Board found that the appellant had used a business card since 1987 in which "Dr." was used in connection with his name without the words "chiropractor" or "D.C." The appellant argues that this conclusion is erroneous because: (1) he is in factual compliance with the statute, and (2) the statute violates the equal protection clause of the fourteenth amendment by treating chiropractors differently from other doctors.

In contending that he is in factual compliance with the statute, the appellant argues that the word "chiropractic" on the top of the card satisfies the statute. He points out that the statute does not require that the title "Doctor" be followed by the designation "chiropractor." He also claims that the card was not "used" until it was presented to someone and that every time he handed out a card the recipient would look at it and say, "Oh, so you're a chiropractor." We find these arguments unconvincing. Code § 54.1-2938 plainly requires that the word "chiropractor" or "D.C." be used "in connection with" the chiropractor's name when that chi-

---

[1] Code § 54.1-2938 reads: "Chiropractors using the title 'Doctor' or 'Dr.' in connection with their names shall also use the word 'Chiropractor' or 'D.C.' The title 'Doctor' or 'Dr.' shall not be used alone by chiropractors."

ropractor attaches the title "Doctor" to his name. The word "chiropractic" used in the name of the clinic is not sufficient. Further, even if the Board accepted the appellant's testimony that everyone he handed the card to acknowledged that he was a chiropractor, appellant did not comply with the statute. The fact that a recipient of the card states, "Oh, so you're a chiropractor," does not constitute compliance with the statutory mandate. Therefore, we conclude that evidence that the appellant "handed out thousands of [business] cards over the years" on which he used the title "Dr." in connection with his name without also using the word "chiropractor" or "D.C." is substantial evidence supporting the Board's finding that the appellant is in violation of Code § 54.1-2938. *See Virginia Real Estate Comm'n v. Bias*, 226 Va. 264, 269, 308 S.E.2d 123, 125 (1983).

Next, the appellant claims that Code § 54.1-2938 is unconstitutional in that it violates the equal protection clause of the fourteenth amendment. Specifically, the appellant asks us to apply strict judicial scrutiny to Code § 54.1-2938 because the classification in the statute "impinges upon a fundamental right explicitly or implicitly protected by the Constitution." *San Antonio Indep. School Dist. v. Rodriguez*, 411 U.S. 1, 17 (1973). According to the appellant, the classification impinges upon his first amendment right of free speech by inhibiting his ability as a chiropractor to "convey his societal status." We conclude that the classification does not inhibit the conveyance of information; rather, it requires the dissemination of *more* information. To comply with the statute, a chiropractor must be more specific about his "societal status" than other doctors: he may communicate that he is a doctor as long as he simultaneously communicates that he is a chiropractor.

Since a fundamental right is not impinged upon by Code § 54.1-2938, the classification in the statute need only "bear a 'reasonable' relation to a 'legitimate' governmental objective." *Salama v. Commonwealth*, 8 Va. App. 320, 323, 380 S.E.2d 433, 435 (1989) (citing *City of New Orleans v. Dukes*, 427 U.S. 297, 303 (1976)). The Commonwealth argues that the statute fulfills a governmental interest by ensuring "that the public has at least some of the information necessary to make an informed judgment when seeking chiropractic care as distinguished from" other types of health care. We conclude that this interest is legitimate and

that the requirement that chiropractors communicating that they are doctors simultaneously communicate that they are chiropractors reasonably serves this interest.

The appellant complains that "doctors of medicine, osteopathy, podiatry, optometry, dentistry, psychology, veterinary medicine, or any other profession the practice of which requires the possession of a doctoral degree" are not regulated by a similar statutory requirement. However, "[c]lassifications will not be deemed unconstitutional just because they result in some statutory discrimination or inequality." *Id.* (citing *Dandridge v. Williams*, 397 U.S. 471, 485 (1970)). All that is necessary is " 'any state of facts [which] reasonably may be conceived to justify' " the classification. *Id.* (quoting *Dandridge v. Williams*, 397 U.S. at 485). In this case, the classification is justified by the state's interest in assuring that an individual seeking medical help for back pain is informed whether the doctor offering treatment is a chiropractor. For this reason, we conclude that Code § 54.1-2938 does not violate the equal protection clause of the fourteenth amendment.

## II. THE YELLOW PAGES AD

Code § 54.1-2914(A)(12) states that a practitioner of the healing arts is guilty of unprofessional conduct if he "[p]ublishes in any manner an advertisement relating to his professional practice which contains a claim of superiority." The appellant argues that the statute is unconstitutional (1) on its face for vagueness, and (2) as applied to him by restricting his first amendment right to freedom of speech.

First, the appellant contends that Code § 54.1-2914(A)(12) is unconstitutionally vague because it is unclear whether the prohibition of a "claim of superiority" refers to a claim of superiority of one branch of medicine over another, a claim of superiority among specializations, or a claim of superiority of professionals over lay people. In interpreting this statute, we must "take the words as written" and give them their plain meaning. *Brown v. Lukhard*, 229 Va. 316, 321, 330 S.E.2d 84, 87 (1985). "Superior" is defined as "[o]f a higher nature or kind . . . [o]f great value or excellence; extraordinary." *American Heritage Dictionary* (2d college ed. 1982). Further, in light of the principle that "[t]ruthful advertising . . . is entitled to the protections of the First Amendment," *In re R.M.J.*, 455 U.S. 191, 203 (1982), Code

§ 54.1-2914(A)(12) may only prohibit untruthful or misleading claims of superiority. Therefore, Code § 54.1-2914(A)(12) prohibits only untruthful or misleading claims by a health care professional that his or her services are of a higher quality than another's or are in some way extraordinary. So interpreted, this statute "give[s] a person of ordinary intelligence fair notice that his contemplated conduct is forbidden." *Papachristou v. City of Jacksonville*, 405 U.S. 156, 162 (1972). We conclude that Code § 54.1-2914(A)(12) is not unconstitutionally vague.

Second, the appellant contends that Code § 54.1-2914(A)(12) is unconstitutional as applied to him because it impinges upon his first amendment right of free speech. He claims that he is, in fact, a sports medicine specialist in the field of chiropractics, and, thus, the Board's ruling is an unconstitutional prohibition of truthful information. *See In re R.M.J.*, 455 U.S. at 203. The Board, however, found that the appellant lacks "the required training, education, and certification to hold himself out to the public as anything but a chiropractor."

■ Untruthful and misleading advertising may be absolutely prohibited. *Id.* However, "certain types of potentially misleading information, *e.g.*, a listing of areas of practice," may not be absolutely prohibited "if the information also may be presented in a way that is not deceptive." *Id.*

■ In *Peel v. Attorney Registration & Disciplinary Commission of Illinois*, 496 U.S. 91, 110 (1990), the Court held that a state cannot completely ban an attorney from advertising as a "certified civil trial specialist" if that claim is "not actually or inherently misleading." The Court found that the attorney's claim was neither actually or inherently misleading because he was in fact certified "as a specialist by [a] bona fide organization." *Id.* The Court stated that to prevent confusion among consumers by "potentially misleading statements of private certification or specialization . . . a State might consider screening certifying organizations or requiring a disclaimer about the certifying organization or the standards of a specialty." *Id.* (citing *In re R.M.J.*, 455 U.S. at 201-03).

In this case, the Board found that the appellant lacks "the required training, education, and certification to hold himself out" as a sports medicine specialist. The Board, however, cites no stan-

dard appellant must meet before he could advertise himself as a sports medicine specialist. Without some standard, the Board could not have determined whether the advertisement was untruthful or misleading.

The Commonwealth carries a heavy burden in cases involving the "categorical prohibition against the dissemination of accurate factual information to the public." *Id.* at 109. As stated above, only untruthful or misleading claims of superiority are banned by Code § 54.1-2914(A)(12). However, by not having a standard by which to judge the appellant's advertisement, we cannot say that the Commonwealth carried its burden of proving that the appellant's advertisement was untruthful or misleading. Given the constitutional presumption favoring disclosure over concealment, *id.*, we conclude that the Board's finding that the appellant's advertisement violates Code § 54.1-2914(A)(12) is unconstitutional because the Commonwealth failed to prove that such finding would conceal only untruthful or misleading, as opposed to truthful, information. On remand, the Board must state what standard it applies in determining whether a practitioner of the healing arts is a specialist in a given area. Only in applying a consistent standard can the Board determine who is and is not a "specialist" and whether a particular advertisement truthfully conveys that message.

In summary, we hold that the appellant's card, which contained the word "chiropractic" in the name of the appellant's clinic, did not comply with Code § 54.1-2938 and that Code § 54.1-2938 does not violate the equal protection clause of the fourteenth amendment because it bears a reasonable relationship to a legitimate governmental interest. Furthermore, we hold that Code § 54.1-2914(A)(12) prohibits only untruthful claims of superiority and, therefore, is not unconstitutionally vague or overbroad. Finally, we hold that the standardless application of Code § 54.1-2914(A)(12) to the appellant violated his right to free speech because the Board was unable to find his claim that he was a sports medicine specialist untruthful. For these reasons, the judgment of the circuit court is reversed and the matter is remanded so that the Board's decision may be vacated and the Board directed to

conduct such additional proceedings, not inconsistent with this opinion, as may be appropriate.

*Reversed and remanded.*

Baker, J., and Willis, J., concurred.