Salem

COMMONWEALTH OF VIRGINIA

v.

THOMAS WENDELL RAMEY

No. 1043-94-3

Decided November 29, 1994

COUNSEL

Margaret Ann B. Walker, Assistant Attorney General (James S. Gilmore, III, Attorney General, on brief), for appellant.

Wayne T. Baucino (Office of the Public Defender, on brief), for appellee.

OPINION

**BARROW, J.**—In this appeal we conclude that Code § 19.2-398, which provides the Commonwealth a limited right to appeal interlocutory orders, does not violate the United States constitutional guarantee of equal protection. In addition, we hold that the evidence, when viewed in the light most favorable to the defendant, does not support the trial court's finding that a police officer lacked justification in seizing a plastic bottle possessed by the defendant.

While issuing a traffic summons to the driver of an automobile in which the defendant was a passenger, the police officer saw a plastic bottle partially protruding from a pack the defendant wore at his waist. The bottle had foil on its top. The foil had holes punched in it and had carbon burn marks on it. Because of the officer's experience with drugs, the bottle appeared to him to be a homemade "bong" used for smoking illegal drugs.

The officer seized the device and arrested the defendant, who was later charged with possession of cocaine because of cocaine residue on the foil. The defendant moved to suppress the cocaine because the officer lacked probable cause for the warrantless seizure. The trial court granted the motion, and the Commonwealth has appealed this decision under Code § 19.2-398.

## Constitutionality of Code § 19.2-398

The defendant challenges the constitutionality of the statute authorizing this appeal, but the Commonwealth contends that he cannot do so because the defendant failed to raise this issue in the trial court. This Court may not consider a "ruling of the trial court . . . as a basis for reversal," if the issue has not been raised at trial. Rule 5A:18. However, the defendant does not challenge a "ruling of the trial court," nor does he seek a reversal of the trial court's judgment. Furthermore, he had no opportunity in the trial court to object to the Commonwealth's appeal. Therefore, we are not barred by Rule 5A:18 from considering the defendant's contention that Code § 19.2-398 is unconstitutional.

The defendant argues that the statute is unconstitutional because it denies him equal protection by not giving criminal defendants the same right as the Commonwealth to bring interlocutory appeals. The Fourteenth Amendment does not absolutely prohibit a legislative enactment from classifying and treating one person differently from another. However, when such a classification "involves a fundamental constitutional right, a suspect classification (such as race or national origin), or the characteristics of alienage, sex or legitimacy, [it is] subject to close judicial scrutiny." *Salama v. Commonwealth*, 8 Va. App. 320, 322-23, 380 S.E.2d 433, 435 (1989). In this case, the classification the defendant complains of does not involve a fundamental right or an inherently suspect classification.

The classification which is the subject of and which gives rise to this appeal does not violate the equal protection requirement so long as it bears a " 'reasonable' relation to a 'legitimate' governmental objective." *New Orleans v. Dukes*, 427 U.S. 297, 303 (1976). Such a legislative classification is presumed valid, and our review of it is highly deferential. *Massachusetts Bd. of Retirement v. Margia*, 427 U.S. 307, 314 (1976).

■ The nature of the right of appeal provided the Commonwealth by Code § 19.2-398 reveals its governmental objective. In order to protect a criminal defendant from being twice put in jeopardy for the same offense, the Commonwealth is prohibited from appealing a judgment in a criminal prosecution. *Smyth v. Godwin*, 188 Va. 753, 763-64, 51 S.E.2d 230, 235, *cert. denied*, 337 U.S. 946 (1949). However, this prohibition, if applied without exception, would deny review of erroneous trial court decisions suppressing evidence found to have been obtained in violation of the United States Constitution. These decisions involve significant constitutional protection and often determine the outcome of a criminal proceeding. Appellate review serves to enhance the uniformity and legitimacy of such decisions. *See* Paul D. Carrington, et al., *Justice on Appeal* 3 (1976). Providing appellate review of these decisions, therefore, serves a "legitimate" governmental objective. Furthermore, because of its interlocutory nature, it does so while still preserving a criminal defendant's protection against being twice placed in jeopardy. Consequently, Code § 19.2-398 to - 409 *et seq.* does not violate the Equal Protection Clause of the Fourteenth Amendment.

## Seizure

■ An officer may seize an item in plain view if the officer is lawfully in a position to see the item and it is "immediately apparent that the item may be evidence of a crime." *Carson v. Commonwealth*, 12 Va. App. 497, 501, 404 S.E.2d 919, 921 (1991), *aff'd en banc*, 13 Va. App. 280, 410 S.E.2d 412, *aff'd*, 244 Va. 293, 421 S.E.2d 415 (1992). When the trial judge in this case granted the defendant's motion to suppress evidence of the plastic bottle, he explained,

> I don't see that [the officer] had any expertise knowing whether it was burnt residue. That it could have been any kind of burnt residue and far as the searching for drugs, it doesn't seem logical to me that he was searching that individual for drugs when there were three other individuals in the car that he didn't bother to search any of them or to search the car.

Thus, the trial court decided, or assumed without deciding, that the officer was lawfully in a position to see the plastic bottle and addressed only the issue of whether it was apparent to the officer

that the bottle might be evidence of a crime.

The finding that the police officer did not have the expertise to know if the burnt residue he observed on the foil was cocaine residue does not answer the question of whether it was apparent to the officer that the bottle might be evidence of a crime. Even without knowing the exact nature of the residue, it may have been immediately apparent to the officer that the bottle was evidence of a crime.

■ The "immediately apparent" requirement equates to probable cause in the context of "plain view." *Texas v. Brown*, 460 U.S. 730, 741-42 (1983) (plurality opinion). "[P]robable cause is a flexible, common-sense standard . . . [which] merely requires that the facts available to the officer would 'warrant a man of reasonable caution in the belief' that certain items may be . . . useful as evidence of a crime." *Id.* (citation omitted). Under this standard, applied in *Brown*, probable cause supported the seizure of an uninflated, tied-off balloon where a police officer testified that he knew from experience that balloons tied in this manner were frequently used to carry narcotics and where the officer observed other incriminating items in the defendant's glove compartment. *Id.* at 743. Similarly, probable cause supported seizure of a one and one-half to two inch straw where an officer testified that he knew from his experience as a narcotics investigator that such a straw was "the type straw that people use to ingest cocaine through their noses." *Carson*, 12 Va. App. at 502, 404 S.E.2d at 922. "The distinctive character of the straw coupled with the officer's experience 'would warrant a man of reasonable caution' to believe that the straw might be useful as evidence of a crime." *Id.*

Because of the distinctive character of the plastic bottle with foil on top and the highly unlikely event that it would have a legitimate use, the officer had probable cause to believe that the "homemade bong" partially protruding from the defendant's pack was such evidence. *Id.*

Even though we view the evidence in the light most favorable to the defendant, who prevailed below, we conclude that the trial court erred in finding, for the reasons that it stated, that the officer lacked justification to seize the plastic bottle. Because the trial court found the seizure illegal solely because of the reason it stated, we do not address any other issue regarding the legality of

the seizure of the bottle.

For these reasons, we reverse the trial court's order suppressing the admission into evidence of the plastic bottle seized during the search of the defendant and remand the matter for further proceedings.

*Reversed and remanded.*

Moon, C.J., and Coleman, J., concurred.