Present: Carrico, C.J., Compton, Lacy, Hassell, Keenan, Kinser, JJ., and Poff, Senior Justice

HARRY STEPHEN CAPRIO

                                              OPINION BY
v.  Record No. 962090          SENIOR JUSTICE RICHARD H. POFF
                                           October 31, 1997
COMMONWEALTH OF VIRGINIA

             FROM THE COURT OF APPEALS OF VIRGINIA


     The dispositive issue framed in this appeal is whether the Court of Appeals of Virginia erred in upholding the trial court's ruling denying the appellant's motion for a continuance and allowing the Commonwealth to introduce the testimony of an expert concerning his extrapolation of blood profile frequency based upon his analysis of a series of DNA profiles and reports.

     On March 5, 1992, Harry Stephen Caprio was indicted for the murder and robbery of Elizabeth Marie Bickley committed August 5, 1991.  In the first of two trials conducted by the Circuit Court of the City of Portsmouth, the judge struck the robbery charge and, when the jury reported that it was unable to reach a verdict on the murder charge, he declared a mistrial.

     Following three and one-half days in the conduct of the second trial in October 1995, the foreman of the jury announced that the jury was "deadlocked".  Upon further deliberation required by an Allen instruction, the jury returned a verdict convicting Caprio of second degree murder and fixing his penalty at 15 years in the penitentiary.  By final judgment order dated January 10, 1996, and entered February 1, 1996, the court confirmed the verdict and imposed the penalty.  The Court of Appeals upheld the several rulings of the trial court challenged

by the appellant, and we awarded Caprio this appeal.

Neither Caprio's testimony at trial nor the investigating officer's handwritten transcript of Caprio's statements contained an inculpatory admission, and the record shows that the evidence underlying this conviction was wholly circumstantial. Consequently, we will summarize only those facts in evidence relevant to the issue we consider dispositive.

Ms. Bickley's corpse was discovered about 11:00 p.m. on August 5, 1991, lying in the middle of a street intersection. After Caprio was identified as a suspect, but before he was arrested, he volunteered to submit blood samples for DNA analysis. Jeffrey D. Ban, Section Chief of the Serology DNA Unit at the Virginia Division of Forensic Science, supervised a series of DNA analyses of these samples, samples of the victim's blood, and samples of genetic materials found on a pair of shorts Caprio had worn on the day of the crime.

In a "certificate of analysis" dated May 17, 1995, Ban stated that "[t]he DNA profile obtained from Harry Caprio's shorts . . . is consistent with the DNA profile of Elizabeth M. Bickley . . . and different from that of Harry Caprio . . . ." Based upon the five tests comprising that analysis, Ban concluded that "[t]he probability of randomly selecting an unrelated individual with a matching DNA profile . . . is approximately . . . 1 in 210 in the Caucasian population . . . ."

This certificate reaffirmed Ban's conclusion, based upon a

single test that was reported in his certificate issued September 16, 1993, that "the genetic material deposited on Harry Caprio's shorts cannot be eliminated as originating from Elizabeth Bickley."  Both certificates and a report of enzyme testing by a forensic serologist were timely delivered to defense counsel.

On the day before Ban testified at the second trial, he reviewed the results of the seven DNA tests underlying the two certificates and the serologist's report and advised the Commonwealth that he would use a chart during his testimony to illustrate the results of that review.  The Commonwealth notified defense counsel and, invoking Code § 19.2-270.5, counsel objected to introduction of that evidence and, in the alternative, moved for a continuance.  The trial court overruled the objection and denied the motion, and Ban testified as follows:

> Taking each of these into account, each of the seven, you have approximately one in a hundred twenty thousand individuals would have a profile that would be consistent with each of these seven different areas that I have tested for in the Caucasian.
>
> . . . .
>
> [W]e would have to test . . . a hundred twenty thousand people before we'd find this profile again . . . [and] we might find that profile again, or we might not.
>
> . . . .
>
> Basically, we've looked at seven different areas, several different tests that we have done; and in each of the tests we've demonstrated that the profile that we found in Harry Caprio's shorts is consistent with that of Elizabeth Bickley and different than that of Harry Caprio.

Code § 19.2-270.5, the statute cited by defense counsel,

provided at the time of trial in relevant part:

> In any criminal proceeding, DNA (deoxyribonucleic acid) testing shall be deemed to be a reliable scientific technique and the evidence of a DNA profile comparison may be admitted to prove or disprove the identity of any person. . . .
>
> At least twenty-one days prior to commencement of the proceeding in which the results of a DNA analysis will be offered as evidence, the party intending to offer the evidence shall notify the opposing party, in writing, of the intent to offer the analysis and shall provide or make available copies of the profiles and the report or statement to be introduced. In the event that such notice is not given, and the person proffers such evidence, then the court may in its discretion either allow the opposing party a continuance or, under appropriate circumstances, bar the person from presenting such evidence.

(Emphasis added.)

The Commonwealth argues that "the statute does not apply"

because "the blood profile frequency calculation is not a

profile, report, or statement". We disagree.

"When a statute is plain and unambiguous, a court may look

only to the words of the statute to determine its meaning."

Harrison & Bates, Inc. v. Featherstone Assoc., 253 Va. 364, 368,

484 S.E.2d 883, 885 (1997) (citing Brown v. Lukhard, 229 Va. 316,

321, 330 S.E.2d 84, 87 (1985)); accord Doss v. Jamco, Inc., 254

Va. ___, ___, ___ S.E.2d ___, ___ (1997) (this day decided). We

have repeatedly articulated the principles of statutory

construction:

> "While in the construction of statutes the constant endeavor of the courts is to ascertain and give effect to the intention of the legislature, that intention must be gathered from the words used, unless

-4-

> a literal construction would involve a manifest absurdity. Where the legislature has used words of a plain and definite import the courts cannot put upon them a construction which amounts to holding the legislature did not mean what it has actually expressed."

Barr v. Town & Country Properties, 240 Va. 292, 295, 396 S.E.2d 672, 674 (1990) (quoting Watkins v. Hall, 161 Va. 924, 930, 172 S.E. 445, 447 (1934)). See also, Abbott v. Willey, 253 Va. 88, 91, 479 S.E.2d 528, 530 (1997); Weinberg v. Given, 252 Va. 221, 225-26, 476 S.E.2d 502, 504 (1996); Turner v. Wexler, 244 Va. 124, 127, 418 S.E.2d 886, 887 (1992); Grillo v. Montebello Condominium Owners Assoc., 243 Va. 475, 477, 416 S.E.2d 444, 445 (1992).

The twenty-one day notice requirement of the statute at bar applies to "the results of a DNA analysis" to be "offered as evidence". Copies of "the profiles and the report or statement to be introduced" must be made available to the defense. Ban's 1 in 120,000 extrapolation, a statistical probability of a DNA match, was clearly a "report" or "statement" of "the results of a DNA analysis" conducted in the course of the seven different tests Ban reviewed. Adhering to the plain meaning rule, we hold that Ban's blood frequency extrapolation was a matter within the contemplation of the statute.

Even so, the Court of Appeals ruled that "[t]he trial court did not abuse its discretion by denying appellant's request for a continuance and appellant's alternative request to bar the evidence", and the Commonwealth contends that the statute should

be construed to vest a trial court with such discretion.  True, the statute provides that, in the event timely notice is not given, "then the court may in its discretion either allow . . . a continuance or . . . bar . . . such evidence."

That language expressly limits the court's discretion by the disjunctive "or" to a choice of "either" of two defined options.  Stated differently, if, as here, a trial court determines that the evidence is admissible, the statute requires the court to grant a motion to interrupt and postpone the progress of the trial to afford the defense a period of time for consultation with other experts and preparation of an appropriate response to the new evidence.  Article 1, § 8, of the Constitution of Virginia guarantees an accused the right "to call for evidence in his favor", and "although granting or denying a continuance is within the discretion of the trial court, it must exercise its discretion 'with due regard to the provisions of the Bill of Rights, which secure to one accused of crime a fair and impartial trial . . . .'"  Gilchrist v. Commonwealth, 227 Va. 540, 546, 317 S.E.2d 784, 787 (1984) (citations omitted).  Here, the trial court chose to reject both options.

Because the trial court erred in not applying the plain meaning of the statute, and because we cannot say that the dramatic statistical difference between the blood profile frequency reported in the certificate of analysis timely delivered to the defense and that which was not timely disclosed

by the Commonwealth was harmless, we will reverse the judgment of the Court of Appeals upholding the trial court's ruling.  For the reasons stated by the Court of Appeals, we affirm its judgment upholding the other three rulings of the trial court at issue in this appeal, and we need not address Caprio's assignments of error related to those rulings.

We will annul the conviction and remand the case to the Court of Appeals with direction to remand the case to the trial court for further proceedings consistent with this opinion.

<u>Affirmed in part</u>,
<u>reversed in part</u>,
<u>and remanded</u>.

JUSTICE KINSER, with whom JUSTICE COMPTON joins, concurring.

I agree with the majority decision in all aspects but one. Since the Commonwealth's failure to disclose the new blood profile frequency extrapolation in a timely fashion was prejudicial to Caprio, this Court does not need to decide in this case whether Code § 19.2-270.5 requires, in every instance, that the trial court must either grant a continuance or bar introduction of the evidence, regardless of the degree and nature of the deviation from the requirements of Code § 19.2-270.5 or whether the opposing party was prejudiced.  The statute plainly makes the decision whether to use either of these remedies discretionary with the trial court.

For these reasons, I concur.

-7-