## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Steven A. Richardson

v.

Commonwealth of Virginia

September 14, 1998

Case No. CL98-276

BY JUDGE WILLIAM H. LEDBETTER, JR.

This case is before the court on petition for restoration of an operator's license less than five years after the petitioner was declared an habitual offender, but the petitioner claims credit for a preadjudication administrative revocation.

*Facts*

The petitioner, Richardson, was adjudged an habitual offender in this court on November 21, 1994. The adjudication was based on three DWI convictions and a conviction for driving on a suspended license.

As a result of Richardson's third DWI conviction in 1991, which actually was treated as a second offense, his license was suspended for three years. Since then, he has had no operator's license.

Richardson filed this petition on May 29, 1998, seeking a restricted license. The court referred the matter to ASAP for evaluation. In its report to the court dated August 20, 1998, ASAP determined that Richardson had remained abstinent for 22 months, regularly attended AA meetings, and "seems to have turned his life around." The evaluator recommended restoration with restricted privileges and ASAP monitoring.

At the hearing on September 8, 1998, Richardson, by counsel, moved to amend his petition to seek full restoration. He contended that he is eligible for it because of his entitlement to credit for the preadjudication three-year

administrative revocation. The court granted the motion, without objection, heard evidence and arguments, and took the case under advisement.

## Decision

A person may be declared an habitual offender by a court or D.M.V., pursuant to prescribed procedures, when he has accumulated three or more convictions of offenses listed in Virginia Code § 46.2-351. Thereafter, he is prohibited from driving a motor vehicle for a period of ten years and until his license is restored by a court. Virginia Code § 46.2-356.

Nevertheless, under certain circumstances, an habitual offender can petition the court for restoration of his driving privilege within the ten-year period. Relevant to this case, § 46.2-360 governs the rights and procedures applicable to an early restoration.

Pursuant to § 46.2-360, a person who has been adjudged an habitual offender, where the adjudication is based upon DWI convictions, may petition for full restoration of license after five years have elapsed from the date of the habitual offender adjudication order.[1]

Moreover, the statute also provides:

In the computation of the [five-year period] ... such person shall be given credit for any period his driver's license was administratively revoked under § 46.2-391 prior to the ... habitual offender determination.

Richardson relies on this proviso. He acknowledges that five years have not elapsed since his habitual offender determination but contends that he is entitled to credit for the preadjudication period of revocation.

Richardson is correct. His license was suspended or revoked[2] for three years following his DWI conviction, second offense, in Stafford County General District Court on November 12, 1991. His term of revocation expired on November 12, 1994. (As required by statute, D.M.V. honored the restricted privileges given to Richardson by the Stafford court.)

---

[1]  Such person may petition for restricted driving privileges after *three* years from the date of adjudication. Virginia Code § 46.2-369(2). This is the provision under which Richardson originally proceeded.

[2]  "Revocation" and "suspension" are used interchangeably in this context by the legislature, the courts, and D.M.V.

Richardson cites a recent Fairfax County Circuit Court decision for the proposition that he is entitled to the credit even though the preadjudication suspension was not ongoing at the time he was determined to be an habitual offender and even though his license was first suspended by a court instead of "administratively revoked" (although, as in this case, D.M.V. subsequently treated the court suspension as an administrative revocation). That case, *Salama v. Commonwealth*, 45 Va. Cir. 446 (1998), is persuasive. Further, this court has made a similar ruling. See *King v. Commonwealth* (Spotsylvania County Cir. Ct. # L98-106; Op. Ltr. March 18, 1998)

Therefore, Richardson is entitled to credit for the three-year suspension or revocation which ran from November 12, 1991, to November 12, 1994. The proper way to calculate the credit is to first calculate the five-year period from the habitual offender adjudication date and then deduct three years from the product of that calculation. In this case, the result is November 21, 1996.[4]

Even though the court has permitted Richardson to amend his petition to seek full restoration and has ruled that he is entitled to credit for the three-year preadjudication suspension or revocation thereby making him eligible for full restoration, it remains within the court's discretion to grant or deny restoration of driving privileges. *See* Virginia Code § 46.2-360.

Exercising that discretion, upon a review of the evidence, the court is of the opinion that Richardson's driving privilege should be restored pursuant to Virginia Code § 46.2-360.

---

[4] November 21, 1994, *plus* 5 years = November 21, 1999, *less* 3 years = November 21, 1996.