COURT OF APPEALS OF VIRGINIA

Present: Judges Bumgardner, Humphreys and Agee
Argued at Salem, Virginia


NEWTON BROWN TOWNSEND

MEMORANDUM OPINION* BY
v.    Record No. 1083-00-3        JUDGE G. STEVEN AGEE
APRIL 3, 2001
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF STAUNTON
Humes J. Franklin, Jr., Judge

James M. Dungan, Senior Assistant Public
Defender (Office of the Public Defender, on
brief), for appellant.

John H. McLees, Jr., Senior Assistant
Attorney General (Mark L. Earley, Attorney
General, on brief), for appellee.


Newton Brown Townsend was tried and convicted of a felony

in a bench trial in the Circuit Court of the City of Staunton

for driving after having been declared a habitual offender in a

manner that endangered the life, limb or property of another in

violation of Code § 46.2-357. Prior to trial, Townsend moved to

dismiss the charge on the ground that to try him on the charge

would violate the Equal Protection Clause of the Fourteenth

Amendment of the United States Constitution. At trial, the

court heard argument on the constitutional issue, and

subsequently denied the motion. Townsend was then convicted and

* Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

sentenced to incarceration for one year. From that judgment, Townsend now appeals averring the trial court erred in denying his motion to dismiss. For the following reasons, we disagree and affirm his conviction.

I.

The evidence at trial, the details of which are immaterial to this appeal, established that on July 14, 1999, Townsend, while driving a motor vehicle, collided with another automobile and left the scene of the accident prior to the arrival of police. At the time of the accident, Townsend was a habitual offender by virtue of an adjudication of that status in 1995, which was followed in 1996 with a conviction for driving as a habitual offender.

II.

In 1999 the Virginia General Assembly repealed Code §§ 46.2-351 through 46.2-355 which governed the civil declaration of habitual offenders. Townsend contends that the repeal of these laws creates classifications of (1) drivers whose third predicate offenses under former Code § 46.2-351 et seq. were committed before the repeal of these laws, and thus led to their being declared habitual offenders and subject to the penalties of Code § 46.2-357, and (2) those whose third predicate offenses occurred after that repeal, and who are not similarly declared habitual offenders and, therefore, not subject to the same penalties. Townsend further contends that

-

because the penalty for driving after being declared a habitual offender involves loss of freedom, and personal freedom is a fundamental right, the classification scheme created by the legislature must be subjected to strict judicial scrutiny to determine whether it in fact violates equal protection principles. We, however, find that minimal judicial scrutiny applies. Under such an analysis any classification disparity, if any exists, does not violate the equal protection clause.

"[W]hen . . . [a statutory] classification 'involves a fundamental constitutional right, a suspect classification (such as race or national origin), or the characteristics of alienage, sex or legitimacy, [it is] subject to close judicial scrutiny.'" Commonwealth v. Ramey, 19 Va. App. 300, 302, 450 S.E.2d 775, 776 (1994) (quoting Salama v. Commonwealth, 8 Va. App. 320, 322-23, 380 S.E.2d 433, 435 (1989)). Where, as here, classification does not involve such factors, all that is required is minimum rationality. See McIntosh v. Commonwealth, 213 Va. 330, 191 S.E.2d 791 (1972); Salama, 8 Va. App. 320, 380 S.E.2d 433. Under minimum rationality, "classifications will survive an equal protection challenge if they bear a 'reasonable' relation to a 'legitimate' governmental objective." Salama, 8 Va. App. at 323, 380 S.E.2d at 434-35 (citation omitted).

Here, the General Assembly's 1999 actions were not to abolish the existing habitual offender status, but rather to abolish future civil declaration of that status.

-

Under the new process, the law provides for virtually the same indefinite revocation of driving privileges by the convicting courts for most of the same offenses which would, before the repeals to the Habitual Offender Act, have served as the final requirement before civil habitual offender proceedings could be instituted. Code §§ 18.2-36.1, 18.2-54 and 18.2-271 provide for penalties for driving during such periods of revocation which are comparable to the penalties faced by Townsend and others prosecuted under Code § 46.2-357.

The new process therefore allows the courts to more swiftly recognize new habitual offenders and punish them accordingly, while also punishing those who continue to violate the motor vehicle laws of the Commonwealth after previously being declared habitual offenders under the old process. The classifications reasonably promote judicial economy and safe roads.

As judicial economy and efficiency promoting traffic safety are legitimate goals of the Commonwealth, the classifications created are reasonable.

> If the classification has some "reasonable basis," it does not offend the Constitution simply because the classification "is not with mathematical nicety or because in practice it results in some inequality." "The problems of government are practical ones and may justify, if they do not require, rough accommodations -- illogical, it may be, and unscientific." "A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it."

-

Dandridge v. Williams, 397 U.S. 471, 485 (1970) (citations omitted).  We therefore find there is no equal protection violation.

Accordingly, the trial court's denial of the motion to dismiss was correct, and we affirm Townsend's conviction.

Affirmed.