COURT OF APPEALS OF VIRGINIA


Present:   Judges Benton, Humphreys and Clements
Argued at Chesapeake, Virginia


JERMAINE STANLEY MOCK

                                                MEMORANDUM OPINION[*] BY
v.        Record No. 2259-04-1          JUDGE ROBERT J. HUMPHREYS
                                                      JUNE 21, 2005
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                            Wilford Taylor, Jr., Judge

           Charles E. Haden for appellant.

           Richard B. Smith, Senior Assistant Attorney General (Judith
           Williams Jadgmann, Attorney General, on brief), for appellee.


        Appellant Jermaine Stanley Mock ("Mock") appeals the trial court's denial of a motion to

continue his probation revocation proceedings, arguing that, at time of the hearing, his counsel

had not yet had the opportunity to review the Commonwealth's sentencing guidelines report or to

obtain evidence that Mock was eligible for a particular drug treatment program.  For the reasons

that follow, we hold that the trial court did not abuse its discretion in denying Mock's motion for

a continuance and affirm the judgment below.

        The relevant facts are not in dispute.  On September 19, 2000, the trial court convicted

Mock of possession of cocaine, sentenced him to three years in prison, and suspended all but

fourteen days of his sentence.  During the next four years, Mock repeatedly tested positive for

drug use, a violation of Condition 6 of his probation agreement.  Thus, on August 10, 2004, the

trial court issued a capias for Mock's arrest.

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.  Moreover,
as this opinion has no precedential value, we recite only those facts necessary to our holding.

The trial court conducted the probation revocation hearing on September 24, 2004. At the outset of the proceedings, Mock's counsel requested a continuance, arguing that Mock "wanted to get in touch with the Serenity House to see if he could be admitted into one of their inpatient programs." Defense counsel also contended that, because he had not received the Commonwealth's sentencing guidelines report until the morning of the hearing, he had not had adequate time to review that report with his client. In response, the Commonwealth asserted that Mock was ineligible for treatment at Serenity House because he had a federal detainer on file. The Commonwealth also noted that the sentencing guidelines report would not be pertinent unless and until the court found Mock guilty of violating the terms of his probation. The trial court agreed with the Commonwealth and denied the motion for a continuance.

After the court found Mock guilty of violating the terms of his probation, the Commonwealth asked the trial court to consider the sentencing guidelines report. Defense counsel then asked the court "to continue the case so that we can get into the reasons for some of those scores on this because I'm just being given the report today." When the trial court asked, "Why can't we do that now," defense counsel admitted that he had "already gone through [the report] with the Probation Officer" and that he "under[stood] how she's come up with every single score that she's got." However, defense counsel argued that "[w]hat [he didn't] have an opportunity to do is sit down with [his] client, go over these things to see if there's anything that [Mock] challenges so that [counsel] can go behind and check the records."

The trial court informed defense counsel that he could question the probation officer about the scores on the sentencing guidelines report. After giving defense counsel a few minutes to review the report with his client, the court noted that

> I think what I have heard doesn't give me reason to continue the
> case. I think what you have complained about are things that can

be dealt with today.  We don't have to continue it for a disposition hearing.

And I'll tell you had you said something that gave me cause for alarm that maybe we need to go and look at something else I would have continued it.  But based on what you have said, the issues that you are complaining [about], I think we can resolve those today and we don't have to delay it.  That's all I'm saying.

Defense counsel then called the probation officer to testify and questioned the officer about a laboratory report indicating that Mock tested positive for cocaine and marijuana use on July 27, 2004.  Defense counsel also called Mock to testify.  Mock did not dispute his record as reflected in the sentencing guidelines report other than to claim that he had not used cocaine on or about July 27, 2004.

The Commonwealth then asked the court to sentence Mock within the recommended range of guidelines.  Defense counsel argued for a lesser revocation, arguing that, although Mock "received a total of 56 points," part of the total "was a 10 point value of positive drug tests for cocaine . . . on July 27, 2004."  The trial court found that the July 27 drug report was reliable, noting that the defense—rather than the Commonwealth—introduced that report into evidence.  Also, based on the evidence of Mock's continuing drug use, the court found that "Serenity House is [not] strong enough for this individual," noting that "[t]his has been going on since 2000 and the testimony was that we have exhausted all of the local resources treatment."  Because Mock "clearly continues to use drugs," the court opined that Mock "needs more intense treatment [than] we can give him locally and in my view we have tried everything locally that we have to offer and that hasn't worked so you need more . . . intensive treatment to deal with this drug habit . . . ."  Thus, the court concluded that, under the circumstances of this case, "Serenity House is [not] appropriate."  Accordingly, the trial court revoked the remaining two years, eleven months, and fourteen days of Mock's original sentence, and it then re-suspended eleven

months and thirteen days of that sentence. The trial court ordered Mock to serve his two-year sentence "at a Therapeutic Community provided by the Department of Corrections."

"The decision whether to grant a continuance is a matter within the sound discretion of the trial court." Venable v. Venable, 2 Va. App. 178, 181, 342 S.E.2d 646, 648 (1986). Thus, the denial of a motion for continuance is reversible on appeal only if: (1) the trial court abused its discretion; and (2) the movant was prejudiced by the court's decision. Id.; see also Butler v. Commonwealth, 264 Va. 614, 621, 570 S.E.2d 813, 817 (2002); Silcox v. Commonwealth, 32 Va. App. 509, 513, 528 S.E.2d 744, 746 (2000).

Initially, we note that Mock failed to include the sentencing guidelines report as a part of the record on appeal. Absent an opportunity to review the information in that report, we cannot conclude that Mock's inability to review the report before the revocation hearing resulted in prejudice to him. Because the appellant has the burden of providing a record on appeal sufficient to permit this Court to review the error assigned, we conclude that Mock is barred from challenging the trial court's denial of the motion for a continuance on this particular ground. See Rose v. Jaques, 268 Va. 137, 156, 597 S.E.2d 64, 75 (2004); Jenkins v. Winchester Dep't of Soc. Servs., 12 Va. App. 1178, 1185, 409 S.E.2d 16, 20 (1991).

We also disagree with Mock's argument that he was entitled to a continuance in order to obtain additional evidence that he was eligible for treatment at the Serenity House program. To constitute reversible error, the denial of a motion for a continuance must result in prejudice to the moving party. Here, the trial court concluded that, even if Mock were eligible for treatment at Serenity House, that program "is [not] strong enough for this individual." Because the trial court expressly found that requiring Mock to undergo treatment at Serenity House would not be appropriate under the circumstances of this case, Mock cannot demonstrate that he was prejudiced by his inability to present evidence that he was eligible for that program. See

- 4 -

generally Cardwell v. Commonwealth, 248 Va. 501, 509, 450 S.E.2d 146, 151 (1994); Carter v. Commonwealth, 39 Va. App. 735, 745, 576 S.E.2d 773, 778 (2003).

Mock, however, also argues that the trial court's denial of his motion for a continuance "effectively deprived [him] of his right to call forth evidence in his favor under the Sixth Amendment and Article I, § 8 of the Virginia Constitution." Unquestionably, "an accused has a constitutional right 'to call for evidence in his favor,' which includes the right to prepare for trial by procuring both testimonial and documentary evidence." Gilchrist v. Commonwealth, 227 Va. 540, 545, 317 S.E.2d 784, 787 (1984) (citation omitted). And, "[i]n order to prepare for trial, an accused and his counsel must have sufficient time to investigate the case and to evaluate the evidence that is procured." Id. at 546, 317 S.E.2d at 787. Thus, "'although granting or denying a continuance is within the discretion of the trial court, it must exercise its discretion with due regard to the provisions of the Bill of Rights, which secure to one accused of a crime a fair and impartial trial.'" Caprio v. Commonwealth, 254 Va. 507, 512, 493 S.E.2d 371, 374 (1997) (quoting Gilchrist, 227 Va. at 546, 317 S.E.2d at 787 (internal quotations omitted)).

To the extent that Mock is arguing that denial of the continuance violated his right to call forth evidence in his favor, we note that this constitutional argument was never raised before the trial court. Accordingly, we are barred from considering it on appeal. See Rule 5A:18; see also West Alex. Prop. v. First Va. Mort., 221 Va. 134, 138, 267 S.E.2d 149, 151 (1980); Roberts v. Roberts, 41 Va. App. 513, 525, 586 S.E.2d 290, 296 (2003).

For these reasons, we hold that the trial court did not abuse its discretion when it denied Mock's motion for a continuance. And, because Mock has not shown that the denial of the continuance resulted in actual prejudice to him, we affirm the judgment of the trial court.

Affirmed.