### Richmond

RUSSELL LEE LOCKETT

v.

COMMONWEALTH OF VIRGINIA

No. 2121-92-2

Decided December 21, 1993

---

Counsel

Roxie O. Rosemond (Joel C. Cunningham, P.C., on brief), for appellant.

Jeffrey A. Spencer, Assistant Attorney General (Stephen D. Rosenthal, Attorney General; Mary Yancey Spencer, Deputy Attorney General; Richard L. Walton, Jr., Senior Assistant Attorney General, on brief), for appellee.

Opinion

**BENTON, J.**—This appeal challenges the constitutionality of Code §§ 18.2-271 and 18.2-271.1. Russell Lee Lockett contends that he was denied equal protection of the law in violation of the Fourteenth Amendment to the Constitution of the United States when the trial judge, acting pursuant to those statutes, refused to grant him a restricted permit to operate a commercial vehicle after his conviction for driving under the influence of intoxicants. We uphold the statutes and affirm the conviction.

The evidence at trial proved that a police officer arrested Lockett on a charge of operating a motor vehicle on a public highway while having a blood alcohol concentration of .10 percent or more by weight

by volume. Lockett, who had a Class A commercial driver's license, was driving his own automobile when he was arrested. After the arrest, Lockett took a breath test that registered his blood alcohol concentration to be .14 percent by weight by volume.

The evidence further proved that Lockett was employed as a truck driver. Lockett's supervisor at the lumber company, where Lockett was employed, testified that Lockett had a good employment record but would lose his job if his commercial driver's license was suspended and he could not drive a truck. He further testified that no other jobs were available for Lockett with that company.

Lockett's counsel moved the trial judge to declare the penalty provisions of Code § 18.2-271 and § 18.2-271.1 in violation of the Equal Protection Clause because they allowed a person with an operator's license to have a restricted permit to drive but did not allow a person with a commercial license to have a restricted permit. The trial judge denied the motion and found Lockett guilty of driving while his blood alcohol concentration was in excess of .10 in violation of Code § 18.2-266. As punishment, the trial judge suspended Lockett's commercial operator's license for six months, imposed a jail sentence and a fine. The jail sentence and fine were suspended. The trial judge also allowed Lockett to have a restricted permit to operate a motor vehicle to and from work and to a Virginia Alcohol Safety Action Program.

The trial judge suspended Lockett's driving permit pursuant to Code § 18.2-271(A), which provides in pertinent part as follows:

> Except as provided in § 18.2-271.1, the judgment of conviction if for a first offense under § 18.2-266 or for a similar offense under any county, city, or town ordinance, or for a first offense under subsection A of § 46.2-341.24, shall of itself operate to deprive the person so convicted of the privilege to drive or operate any motor vehicle, engine or train in the Commonwealth for a period of one year from the date of such judgment.

The restricted permit that allowed Lockett to drive to and from work was authorized by the following portion of Code § 18.2-271.1(E):

> Except as otherwise provided herein, whenever a person enters a [VASAP] program pursuant to this section, and such person's license to operate a motor vehicle, engine or train in the Commonwealth has been suspended or revoked, the court may, in its discretion and for good cause shown, provide that such person

be issued a restricted permit to operate a motor vehicle for any or all of the following purposes: (i) travel to and from his place of employment; (ii) travel to and from an alcohol rehabilitation program entered pursuant to this subsection; (iii) travel during the hours of such person's employment if the operation of a motor vehicle is a necessary incident of such employment; (iv) travel to and from school if such person is a student, upon proper written verification to the court that such person is enrolled in a continuing program of education; or (v) such other medically necessary travel as the court deems necessary and proper upon written verification of need by a licensed health professional. No restricted license issued pursuant to this subsection shall permit any person to operate a commercial motor vehicle as defined in the Virginia Commercial Driver's License Act (§ 46.2-341 et seq.).

On appeal, Lockett contends, as he did in the trial court, that the prohibition against granting him a restricted driving permit to operate a commercial motor vehicle, as defined in the Virginia Commercial Driver's License Act, during his employment hours denies him equal protection of the laws because other persons may be permitted to drive non-commercial motor vehicles "during the hours of such person's employment if the operation of a motor vehicle is a necessary incident of such employment." Code § 18.2-271.1(E)(iii).

In cases involving equal protection analysis, "strict judicial scrutiny . . . has [been] found appropriate in reviewing legislative judgments that interfere with fundamental constitutional rights or that involve suspect classifications." *San Antonio Independent Sch. District v. Rodriguez,* 411 U.S. 1, 16-17 (1973). "In contrast, classifications not involving fundamental rights or inherently suspect classifications will survive an equal protection challenge if they bear a 'reasonable' relation to a 'legitimate' governmental objective." *Salama v. Commonwealth,* 8 Va. App. 320, 323, 380 S.E.2d 433, 434 (1989).

Lockett and the Commonwealth both agree that the classification that is at issue here is not one that requires strict scrutiny. They recognize that "[w]hile the privilege of driving is important, it is not regarded as a fundamental right." *Murphy v. Pierce,* 2 Cal. Rptr. 2d 18, 21 (Cal. Ct. App. 1991). Thus, the issue presented by Lockett is whether the legislature could have rationally determined that the holder of a commercial driver's license who has been convicted of driving under the influence of intoxicants is disqualified from receiving a restricted license to operate a commercial motor vehicle during the

hours of his employment. We hold that the legislature's judgment was not irrational.

We begin our analysis by noting that in 1989, the Virginia General Assembly enacted the Virginia Commercial Driver's License Act, effective January 1, 1990, as a part of a comprehensive nationwide governmental effort to improve the safety of commercial motor vehicle operations. *See* Code §§ 46.2-341.1 to 46.2-341.34. The Act contains the following statements of purpose and intent:

> The purpose of this Act is to improve the safety of commercial motor vehicle operations in the Commonwealth and to implement in Virginia the applicable provisions of the federal Commercial Motor Vehicle Safety Act of 1986 (Title XII of Pub. Law 99-570), as amended. It is intended that the adoption of this Act, in conjunction with the adoption of similar legislation in all other states, will improve the safety of commercial motor vehicle operations in Virginia and in the United States by (i) permitting commercial drivers to hold only one driver's license and to have only one driving record; (ii) disqualifying drivers from the operation of commercial motor vehicles for certain offenses and violations; and (iii) strengthening licensing and testing standards for commercial drivers.

Code § 46.2-341.2.

Except for vehicles specifically excluded, the Act defines a commercial motor vehicle to be "every motor vehicle, vehicle or combination of vehicles used to transport passengers or property which either: (i) has a gross vehicle weight rating or a gross combination weight rating of 26,001 or more pounds; or (ii) is designed to transport sixteen or more passengers including the driver; or (iii) is of any size and is used in the transportation of hazardous materials and is required to be placarded under the federal Hazardous Materials Regulations." Code § 46.2-341.4. These are motor vehicles, which, because of their size, weight, or type of cargo, generally are considered to pose a greater danger to public safety than other motor vehicles.

In recognition of the heightened concern for public safety, both federal and state regulatory schemes have been enacted. *See* Commercial Motor Vehicle Safety Act of 1986, 49 U.S.C. §§ 2701, et. seq. (1988). To drive a commercial motor vehicle, a person must obtain a commercial driver's license. Code § 46.2-341.4. To obtain a commercial driver's license, the person must satisfy various require-

ments of the Act and other regulations. *See, e.g.,* Code §§ 46.2-341.5 to 46.2-341.16. Each such license authorizes the driver to operate only the classes and types of commercial vehicles designated on the license. Code § 46.2-341.16. These requirements of the Act manifestly create a regulated scheme which places holders of commercial driver's licenses in a class separate from persons who hold regular driver's licenses.

"On rational-basis review, a classification in a statute . . . comes to us bearing a strong presumption of validity, and those attacking the rationality of the legislative classification have the burden 'to negative every conceivable basis which might support it.' " *FCC v. Beach Communications,* ___ U.S. ___, ___, 113 S. Ct. 2096, 2101-02 (1993) (citations omitted). Nothing in this record supports Lockett's assertion that these classifications are invalid. Indeed, because of the type and size of the vehicles that these drivers of commercial vehicles must operate and because of the impact of those vehicles upon the public safety, we believe that it is obvious that the legislature had a rational basis for determining that drivers of commercial vehicles in general are not in the same situation as persons who drive non-commercial motor vehicles.

Code § 18.2-271(E) allows the trial judge under certain conditions to grant a restricted license to a driver following a conviction for driving under the influence of alcohol. For example, as it relates to Lockett's challenge, the trial judge may allow a restricted license to a person for driving "during the hours of such person's employment if the operation of a motor vehicle is a necessary incident of such employment." Code § 18.2-271(E). However, that same section specifically states that "[n]o restricted license issued pursuant to this subsection shall permit any person to operate a commercial motor vehicle as defined in the Virginia Commercial Driver's License Act." Code § 18.2-271(E).

Even if we assume that Lockett is similarly situated to a person who drives as a part of his or her employment but does not hold a commercial driver's license, we conclude that the legislature could have rationally concluded that a legitimate state purpose is served by denying restricted driving permits to persons who hold commercial driver's licenses. For the reasons previously stated, the legislature could have legitimately determined that driving a commercial motor vehicle, as that term is defined in Code § 46.2-341.4, presents a greater threat to public safety because of the type and size of commer-

cial vehicles and because of the nature of the cargo that commercial motor vehicles are authorized to carry. Indeed, as an expression of its concern for the impact of the use of alcohol on the public safety, the legislature has imposed more severe sanctions on operators of commercial motor vehicles who drive after drinking than those governing other drivers. *Compare* Code §§ 46.2-341.24 to 46.2-341.31 *with* Code § 18.2-270.

■ The legislature could have rationally determined that a person convicted of driving while under the influence of intoxicants could be trusted to drive some vehicles with a restricted license, but that he or she should not be permitted to operate commercial motor vehicles on the highway, with their far greater potential of danger to the public. Thus, the legislature could have rationally determined that a conviction for driving while under the influence of intoxicants, even if in a non-commercial motor vehicle, was a sufficient indicium of dangerousness that one who was so convicted must be disqualified from driving a commercial motor vehicle even for a limited period.

We hold that the provisions of Code §§ 18.2-271 and 18.2-271.1 bear a rational relationship to a legitimate governmental function and did not violate Lockett's right to equal protection of the laws. Accordingly, the judgment is affirmed.

*Affirmed.*

Koontz, J., and Willis, J., concurred.