COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judges Frank and Beales
Argued at Chesapeake, Virginia


WILLIAM DOUGLAS MEIEROTTO
                                                              OPINION BY
v.        Record No. 0645-06-1                       JUDGE ROBERT P. FRANK
                                                              JUNE 12, 2007
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF NORTHAMPTON COUNTY
                              Glen A. Tyler, Judge

            Jon C. Poulson (Poulson, Northam & Lewis, PLC, on briefs), for
            appellant.

            Jonathan M. Larcomb, Assistant Attorney General (Robert F.
            McDonnell, Attorney General, on brief), for appellee.


        William Douglas Meierotto, appellant, was convicted, in a bench trial, of operating a

motor vehicle without a valid Virginia operator's license, in violation of Code § 46.2-300. On

appeal, he contends that since he had a valid Oregon commercial driver's license, he was duly

licensed to operate a non-commercial vehicle in Virginia. For the reasons stated, we agree with

appellant and reverse the judgment of the trial court.

                                    BACKGROUND

        The facts are not in controversy. Appellant, at the time of the traffic offense, was a

domiciliary of Oregon, possessing a valid Oregon commercial driver's license (CDL). His

personal, non-commercial motor vehicle is licensed in Oregon. At the time of the offense, and

for three years prior, appellant worked on a construction project in the town of Cape Charles,

Virginia. Appellant has been residing in Virginia during that time. On August 18, 2005,

appellant received a summons in Northampton County for operating his non-commercial vehicle without a valid Virginia operator's license.

While acknowledging that appellant was a domiciliary of Oregon, the trial court found appellant to be a resident of Virginia for purposes of Code § 46.2-300. The trial court did opine that appellant's Oregon CDL authorized appellant to drive a commercial vehicle in Virginia, but not a non-commercial vehicle. The trial court found that, as a resident of Virginia, appellant was required to have a Virginia operator's license to drive a non-commercial vehicle in Virginia. The trial court pointed out that appellant's only options under this ruling were to either "relinquish his Oregon domicile or license," or "drive only commercial vehicles, while on commercial business, in Virginia."

This appeal follows.

## ANALYSIS

Appellant argues his valid Oregon CDL allows him not only to operate a commercial vehicle in Virginia,[1] which the Commonwealth does not contest, but also to operate a non-commercial vehicle. Essentially, he argues Code § 46.2-300 does not apply to one who holds a valid out-of-state CDL.

Our analysis focuses on the relationship between Virginia's Commercial Driver's License Act, Code §§ 46.2-341.1 through 46.2-341.34, and Code § 46.2-300. In construing these statutes, we recognize that the various requirements of the Virginia CDL Act "manifestly create a regulated scheme which places holders of commercial driver's licenses in a class separate from persons who hold regular driver's licenses." Lockett v. Commonwealth, 17 Va. App. 488, 493, 438 S.E.2d 497, 499 (1993).

---

[1] Code § 46.2-341.8 allows a domiciliary of another state, possessing a valid CDL issued by that state, to operate a commercial vehicle in Virginia without licensure in the Commonwealth.

Code § 46.2-341.3 of the Virginia CDL Act provides, in part:

> This article is intended to supplement, not supplant, the laws of the Commonwealth relating to drivers, driver licensing, vehicles and vehicle operations, which laws shall continue to apply to persons required to be licensed pursuant to this article, unless the context clearly indicates otherwise. To the extent that any provisions of this article conflict with such other laws of the Commonwealth, the provisions of this article shall prevail. Where this article is silent, such other laws shall apply.

Thus, while Virginia's CDL Act is intended to supplement, not supplant, other laws of the Commonwealth, the CDL Act prevails over those other laws if there is a conflict. We must therefore determine if there is such a conflict.

Closely related statutes must be read as being consistent with one another. See Zamani v. Commonwealth, 26 Va. App. 59, 63, 492 S.E.2d 854, 856 (1997) ("[T]wo statutes which are closely interrelated must be read and construed together and effect given to all of their provisions."), aff'd, 256 Va. 391, 507 S.E.2d 608 (1998). Statutes should be construed, if possible, so as to harmonize, and force and effect should be given the provisions of each. Lillard v. Fairfax County Airport Auth., 208 Va. 8, 13, 155 S.E.2d 338, 342 (1967).

"'[T]he plain, obvious, and rational meaning of a statute is always preferred to any curious, narrow or strained construction; a statute should never be construed so that it leads to absurd results.'" Newton v. Commonwealth, 21 Va. App. 86, 89, 462 S.E.2d 117, 119 (1995) (quoting Branch v. Commonwealth, 14 Va. App. 836, 839, 419 S.E.2d 422, 424 (1992)).

Code § 46.2-300 requires every person, except those exempted in Code §§ 46.2-303 to 46.2-308, to obtain an operator's license. The only two exemption statutes relevant to this analysis are Code §§ 46.2-307(A) and 46.2-308. Code § 46.2-307(A) exempts non-residents duly licensed in another state, and Code § 46.2-308 exempts a resident, for the first sixty days of residence, who is duly licensed in another state.

Code § 46.2-100 defines "non-resident" as a non-domiciliary, with three exceptions, subsection (iii) being the only relevant exception under the facts of this case. Subsection (iii) excepts:

> a person, other than a nonresident student as defined in this section, who has actually resided in the Commonwealth for a period of six months, whether employed or not, or who has registered a motor vehicle, listing an address in the Commonwealth in the application for registration shall be deemed a resident for the purposes of this title, except for the purposes of the Virginia Commercial Driver's License Act (§ 46.2-341.1 et seq.).

Under the Virginia CDL Act, only a domiciliary of the Commonwealth can obtain a CDL issued by the Commonwealth of Virginia. Code § 46.2-341.9.[2] Thus, a non-domiciliary who has resided in the Commonwealth for a period of six months, while considered a "resident" for the purposes of Code § 46.2-300, remains ineligible for a Virginia CDL. By its own terms, this exception does not impute domiciliary status to CDL holders. Reading the Virginia CDL Act and Code § 46.2-300 together, it is clear that, while appellant could qualify for a Virginia operator's license, he could not apply for a Virginia CDL.

Appellant also could not maintain both his Oregon CDL and a Virginia operator's license. Code § 46.2-341.6 provides that "[n]o person who drives a commercial motor vehicle shall have more than one driver's license." That statute is not limited solely to holders of a Virginia CDL; the language notably refers to all those who *drive* a commercial motor vehicle in the Commonwealth.[3] Code § 46.2-341.6 plainly precludes the holder of a CDL, issued by any state, from also holding an operator's license under Code § 46.2-300.

---

[2] Code § 46.2-341.9 does provide an exception for "any person domiciled in a jurisdiction outside the United States, but [who] has resided in the Commonwealth for a period of six weeks." It is important to note that the legislature chose not to except those who are domiciled in another state, but residing in the Commonwealth. Clearly, the legislature contemplated that one in such a position, as appellant is, would obtain a CDL from their state of domicile.

[3] This is consistent with the purpose of the Virginia CDL Act, which is stated in Code § 46.2-341.2. That code section provides, in part:

The Commonwealth, at oral argument, conceded that a holder of a valid CDL issued by the Commonwealth entitles the holder to drive a non-commercial vehicle in the Commonwealth.[4] We see no principled reason why the same analysis should not apply to an out-of-state CDL.

The Commonwealth's argument produces an absurd result. Under Code §§ 46.2-341.6 and 46.2-488, in order for appellant to obtain an operator's license, pursuant to Code § 46.2-300, to drive a non-commercial vehicle, he would have to surrender his Oregon CDL.[5] This would deprive appellant of his ability to drive a commercial vehicle, as he remains a "non-resident" under the Virginia CDL Act and is precluded from obtaining a Virginia CDL. In the alternative, according to the Commonwealth, appellant would have to abandon his Oregon domicile and become a domiciliary of Virginia in order to obtain a Virginia CDL. Only then could he drive a non-commercial vehicle with a CDL.

"We cannot assume that the General Assembly intended to enact two contradictory statutes. Rather, we conclude that it intended the two statutes to serve different functions in furtherance of a common goal." Johnson v. Commonwealth, 217 Va. 682, 683, 232 S.E.2d 741, 742 (1977). To interpret Code § 46.2-300 to require a holder of a valid out-of-state CDL to obtain an operator's license in order to operate a non-commercial vehicle in Virginia is contrary

---

> It is intended that the adoption of this Act, in conjunction with the adoption of similar legislation in all other states, will improve the safety of commercial motor vehicle operations in Virginia and in the United States by (i) permitting commercial drivers to hold only one driver's license and to have only one driving record . . . .

[4] While there are no statutes or regulations to directly support this conclusion, it is clear that, in limiting a holder of a CDL to one license, the legislature intended for a CDL to entitle the holder to drive a non-commercial vehicle as well. Any contrary interpretation would bar the holder of a CDL from driving non-commercial vehicles.

[5] Code § 46.2-341.9 provides, "[n]o person shall be eligible for a Virginia commercial driver's license until he surrenders all other driver's licenses issued to him by *any* state." Code § 46.2-488 applies the same proscription to those applying for an operator's license for a non-commercial vehicle, requiring "the surrender of [any out-of-state] license prior to the granting of such application."

to the rules of statutory construction. The law does not require more of one who holds an out-of-state CDL than it does of one who holds a Virginia CDL.[6]

We conclude Code § 46.2-300 conflicts with the Virginia CDL Act. Under Code § 46.2-341.3, the Virginia CDL Act prevails where there is a conflict with another law of the Commonwealth. The legislature intended for those domiciled in other states within the United States to obtain their CDL from those states, though they may reside within the Commonwealth. Code § 46.2-341.9. Virginia recognizes a CDL issued by another state as entitling the holder to drive commercial motor vehicles within the Commonwealth. Code § 46.2-341.8. The legislature has prohibited any driver of a commercial motor vehicle, including those licensed by other states, from having more than one driver's license. Code § 46.2-341.9.

Thus, from these provisions of the Virginia CDL Act, which supersedes the contradictory provision found in Code § 46.2-300, we conclude that a domiciliary of another state, while residing in the Commonwealth, can use his CDL, issued by that state, to drive non-commercial vehicles in the Commonwealth. This position is consistent with the legislature's intent that the holder of a CDL stands "in a class separate from persons who hold regular driver's licenses." Lockett, 17 Va. App. at 493, 438 S.E.2d at 499.

### CONCLUSION

A holder of a valid, out-of-state CDL, who resides in the Commonwealth but maintains a domicile in the state that issued his CDL, is entitled to drive non-commercial vehicles in the Commonwealth without obtaining a Virginia operator's license under Code § 46.2-300. Thus,

---

[6] That is contrary to the stated purpose of the Virginia CDL Act, which was enacted as "part of a comprehensive nationwide governmental effort to improve the safety of commercial motor vehicle operations." Lockett, 17 Va. App. at 492, 438 S.E.2d at 499. When the legislature enacted these statutes, it contemplated "similar legislation in all other states." Code § 46.2-341.2.

we reverse appellant's conviction for driving without a Virginia operator's license and dismiss the charge against him.

Reversed and dismissed.