JOURNAL ENTRY AND OPINION
{¶ 1} The City of Solon and Intervenor the Ohio Attorney General appeal from the judgment of the trial court which declared R.C. 4506.161
unconstitutional. For the reasons set forth below, we reverse.
 {¶ 2} On July 25, 2006, while driving his private vehicle, defendant Colin Martin was cited for driving under the influence of alcohol and driving with a prohibited blood alcohol concentration in violation of Solon Ordinance 434.01. An administrative license suspension was imposed. Defendant was granted occupational driving privileges which were effective only while defendant was driving a non-commercial vehicle, by operation of R.C. 4506.161, which forbids a court from granting commercial driving privileges to any person whose driver's license or commercial driver's license has been suspended.
 {¶ 3} On November 1, 2006, defendant filed a motion in which he asked the trial court to declare R.C. 4506.161 unconstitutional. According to defendant, this statute was enacted in violation of the single subject rule because it was part of legislation pertaining to over one thousand sections of the Revised Code and there was a disunity of subject matter. Defendant further maintained that the statute violates Equal Protection guarantees since it unfairly burdens commercial driver's license operators, and also fails to provide for a hearing in violation of due process guarantees. In opposition, the City of Solon asserted that the statute was not enacted in contravention of the single subject rule as the enactments were "bound *Page 4 
by the [common] thread of appropriations." It also maintained that R.C.4506.161 was enacted in compliance with 49 U.S.C. 31311 which prohibits states from issuing a provisional or temporary license to a person who holds a commercial driver's license where, inter alia, the individual's driver's license was suspended. If the state had not complied with this federal provision, then it would have lost five per cent of the federal highway funds to which it would have otherwise been entitled by operation of 23 U.S.C. 104(b), then lost ten per cent for continued noncompliance, and was subject to decertification of its commercial driver's license program pursuant to 49 C.F.R. 384.401-405. The city also maintained that the legislation did not violate equal protection or due process guarantees.
 {¶ 4} Defendant also requested a stay of his license suspension, which the trial court granted. Defendant then pled no contest to the charge of operating a vehicle while under the influence of alcohol.
 {¶ 5} Thereafter, on February 22, 2007, the trial court imposed a 180 day license suspension but gave defendant credit for the 90 day administrative license suspension. The trial court also granted defendant an exception for work privileges, but held that the Ohio Bureau of Motor Vehicles "is to take no action to suspend defendant's CDL privileges as this Court has found the statute to be unconstitutional." In a later opinion, the trial court explained that the statute was enacted in contravention of the single subject rule and violated the Equal Protection clause. Defendant was restored to full driving privileges on May 16, 2007. *Page 5 
 {¶ 6} The city now appeals, joined by intervening appellant, the Ohio Attorney General. For his first assignment of error, the Attorney General asserts that defendant lacked standing to challenge R.C.4506.161. According to this argument, since defendant was charged under a municipal ordinance, not a state statute, defendant was not subject to having his commercial driver's license "disqualified," and R.C. 4506.161
requires a "disqualifying offense."
 {¶ 7} As an initial matter, with regard to the fact that defendant's commercial driving privileges have now been restored, we note that although a case may be moot, a court may hear the appeal where the issues raised are "capable of repetition, yet evading review." State exrel. Plain Dealer Publishing Co. v. Barnes (1988), 38 Ohio St.3d 165,527 N.E.2d 807, paragraph one of the syllabus (citation omitted). Further, as the Supreme Court explained in Hughes v. Registrar, OhioBMV, 79 Ohio St.3d 305, 1997-Ohio-387, 681 N.E.2d 430:
 {¶ 8} "Many, if not most, of the driver's license suspensions would likely have been completed prior to the date any appeal would have been attempted to this court; thus, we find that this issue could have evaded review."
 {¶ 9} We therefore will review this matter, even though the driving privileges at issue have now been restored.
 {¶ 10} The Attorney General contends that defendant, was not charged pursuant to R.C. 4511.19 and was therefore not "disqualified" from operating a commercial vehicle by operation of R.C. 4506.16, so he had no standing to *Page 6 
challenge R.C. 4506.161. R.C. 4506.161 states:
 {¶ 11} "No court shall issue an order granting limited driving privileges for operation of a commercial motor vehicle to any person whose driver's license or commercial driver's license has been suspendedor who has been disqualified from operating a commercial motor vehicle."
 {¶ 12} Thus, by its plain terms, R.C. 4506.161 applies where an individual's driver's license or commercial driver's license has been suspended and where the individual is disqualified from operating a commercial motor vehicle. Thus, we cannot accept the argument advanced by the Attorney General that only those persons who have been disqualified from operating a commercial motor vehicle may be subject to this statute.
 {¶ 13} The Attorney General next asserts that the trial court did not have jurisdiction because defendant did not challenge the suspension administratively. According to R.C. 4510.13(B), however:
 {¶ 14} "Any person whose driver's or commercial driver's license or permit or nonresident operating privilege has been suspended pursuant to section 4511.19 or 4511.191 [4511.19.1] of the Revised Code or under section 4510.07 of the Revised Code for a violation of a municipal OVI ordinance may file a petition for limited driving privileges during the suspension. The person shall file the petition in the court that hasjurisdiction over the place of arrest. Subject to division (A) of this section, the court may grant the person limited driving privileges during the period *Page 7 
during which the suspension otherwise would be imposed. However,the court shall not grant the privileges for employment as a driver of a commercial motor vehicle to any person who is disqualified from operating a commercial motor vehicle under section 4506.16 of the Revised Code or during any of the periods prescribed by division (A) of this section." (Emphasis added.)
 {¶ 15} Similarly, under R.C. 4507.16(E):
 {¶ 16} "Any person whose driver's or commercial driver's license or permit or nonresident operating privilege has been suspended pursuant to division (B) or (C) of this section or pursuant to division (F) of section 4511.191 of the Revised Code may file a petition that alleges that the suspension would seriously affect the person's ability to continue his employment. * * * Upon satisfactory proof that there is reasonable cause to believe that the suspension would seriously affect the person's ability to continue his employment, the judge * * * may grant the person occupational driving privileges * * * ."
 {¶ 17} We therefore cannot accept the claim that the trial court was without jurisdiction with regard to the suspension at issue. Cf.Robinson v. BMV, Cuyahoga App. No. 88172, 2007-Ohio-1162 (challenge to R.C. 4506.161 raised before the trial court).
 {¶ 18} The Attorney General's first and second assignments of error are without merit.
 {¶ 19} In the Attorney General's third assignment of error, and the City's first *Page 8 
assignment of error, they assert that the trial court erred in concluding that R.C. 4506.161 was enacted in contravention of the one-subject rule.
 {¶ 20} The one-subject rule is contained in Section 15(D), Article II
of the Ohio Constitution, which provides, "No bill shall contain more than one subject, which shall be clearly expressed in its title."
 {¶ 21} This provision exists to prevent the legislature from engaging in "logrolling," i.e., the combining of group of proposals in a single bill for the consolidation of votes to pass provisions which may not have attained a majority on their own merits. Arbino v. Johnson Johnson, 2007-Ohio-6948, ___ N.E.2d. ___ However, courts evaluating such an attack have recognized that "there are rational and practical reasons for the combination of topics on certain subjects." State ex rel. Dix v.Celeste (1984), 11 Ohio St.3d 141, 464 N.E.2d 153. In such instances, where there is legislation pertaining to a number of topics which are germane to a single subject, the combination may not be for purposes of logrolling. Id. Rather, the combination may be for the purposes of bringing greater order and cohesion to the law or of coordinating an improvement of the law's substance. Id.
 {¶ 22} Effective September 29, 2005, Am. Sub. H.B. No. 66 was the biennial budget bill for 2006-2007. See State ex rel. Kuhar v. MedinaCounty Bd. of Elections, 108 Ohio St.3d 515, 2006-Ohio-1079,844 N.E.2d 1179. This bill involved a considerable number of statutory provisions. Defendant asserts that R.C. 4506.161 was an additional rider which involved a completely different subject. It is *Page 9 
clear, however, that R.C. 4506.161 was adopted pursuant to49 U.S.C. 31311 which prohibits states from issuing a provisional or temporary license to a person who holds a commercial driver's license where, inter alia, the individual was disqualified from operating a commercial motor vehicle or the individual's driver's license was suspended. If the state had not complied with this federal provision, then it would have lost five per cent of the federal highway funds to which it would have otherwise been entitled by operation of 23 U.S.C. 104(b), then lost ten per cent for continued noncompliance, pursuant to 49 C.F.R. 384.401-405. Cf. Wagstaff v. Montana MVD (Oct. 4, 2002), Yellowstone App. No. 02-238;Hamilton v. Gouhey (2002), 103 Cal. App.4th 351, 126 Cal. Reptr.2d 652;Silverman v. Fifer (2005), 837 N.E.2d 186.
 {¶ 23} Likewise, Am. Sub. H.B. No. 66 addresses the complex, but single subject of the state budget and R.C. 4506.161, which was enacted to preserve federal funding, maintains a sufficient common thread with the budget bill such that the one-subject rule is not violated. Cf.State ex rel. Ohio Roundtable v. Taft, Franklin App. No. 02AP-911, 2003-Ohio-3340 (statute authorizing new lottery game bore sufficient connection to budget correction bill primarily concerned with funding).
 {¶ 24} We therefore conclude that the trial court erred insofar as it determined that R.C. 4506.161 was enacted in contravention of the one-subject rule. The Attorney General's third assignment of error and the City's first assignment of error are well taken.
 {¶ 25} In the Attorney General's fourth assignment of error, and the City's *Page 10 
second assignment of error, they assert that the trial court erred in concluding that R.C. 4506.161 violates the Equal Protection Clause.
 {¶ 26} Although there are no Ohio cases dealing with this issue, we note that other jurisdictions have rejected equal protection challenges to similar statutes in their jurisdictions. See Lockett v. Virginia
(1993), 17 Va.App. 488, 438 S.E.2d 497. The Lockett Court explained:
 {¶ 27} "[B]ecause of the type and size of the vehicles that these drivers of commercial vehicles must operate and because the impact of those vehicles upon public safety, we believe that it is obvious that the legislature had a rational basis for determining that drivers of commercial vehicles in general are not in the same situation as persons who drive non-commercial motor vehicles.
 {¶ 28} "* * *
 {¶ 29} "The legislature could have rationally determined that a person convicted of driving while under the influence of intoxicants could be trusted to drive some vehicles with a restricted license, but that he or she should not be permitted to operate commercial motor vehicles on the highway, with their greater potential of danger to the public. Thus, the legislature could have rationally determined that a conviction for driving while under the influence of intoxicants, even if in a noncommercial motor vehicle, was a sufficient indicium of dangerousness that one who was so convicted must be disqualified from driving a commercial motor vehicle even for a limited period." *Page 11 
 {¶ 30} Accord Thorek v. Dept. Of Transportation (Sep. 7, 2007), Commonwealth Court No. 288 CD. 2007 (equal protection challenge rejected as greater harm that could be caused by commercial vehicles justified the imposition of harsher sanctions).
 {¶ 31} We find this analysis persuasive and we, too, agree that the legislature could have rationally determined that a person convicted of driving while under the influence of intoxicants could obtain limited non-commercial driving privileges, but that he or she should not be permitted to operate commercial motor vehicles given the greater potential of danger to the public.
 {¶ 32} The trial court therefore erred insofar as it determined that R.C. 4506.161 violates equal protection guarantees. The Attorney General's fourth assignment of error and the City's second assignment of error are well taken.
Reversed.
It is, therefore, considered that said appellants recover of said appellee their costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 12 
 JAMES J. SWEENEY, A.J., and MARY EILEEN KILBANE, J., CONCUR *Page 1