COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Felton, Judges Elder and Humphreys
Argued by teleconference


D.L.G.

OPINION BY
v.        Record No. 0725-11-1        CHIEF JUDGE WALTER S. FELTON, JR.
APRIL 24, 2012
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Bonnie L. Jones, Judge

Kimberly Enderson Hensley, Assistant Public Defender (Office of
the Public Defender, on brief), for appellant.

Susan M. Harris, Assistant Attorney General (Kenneth T. Cuccinelli,
II, Attorney General, on brief), for appellee.


D.L.G. ("appellant"), a juvenile, appeals from an order of the Circuit Court of the City of

Hampton ("circuit court"), adjudicating him delinquent of attempting to poison his mother's tea

"with intent to kill or injure" her, in violation of Code § 18.2-54.1. Appellant asserts the circuit

court erred in denying his motion for a psychiatric evaluation to determine his sanity at the time of

the offense. He contends the ruling prevented him from asserting an insanity defense, thus violating

his constitutional right to equal protection under the Fourteenth Amendment. U.S. Const. amend.

XIV, § 1.

I.  BACKGROUND

On April 22, 2010, Hampton Police Department Officer S. Carpenter responded to the home

shared by appellant, then fifteen years old, and his mother. Appellant's mother informed Officer

Carpenter that appellant poured bleach in her tea when she stepped outside. She advised that she

took a large sip of her tea but did not swallow it because she felt a burning sensation in her mouth.

Officer Carpenter spoke with appellant, who was sitting on his bed. Appellant explained to Officer Carpenter that he had been hearing voices and feeling homicidal. Appellant admitted that when his mother stepped outside the home, he poured bleach in her tea cup. He stated he then returned to his room and lay down on his bed.

On May 24, 2010, appellant moved the Juvenile and Domestic Relations District Court for the City of Hampton ("JDR court") for an evaluation to determine whether he was competent to proceed with a delinquency hearing. Pursuant to Code § 16.1-356(A), the JDR court ordered that appellant undergo a competency evaluation with Dr. R. Devin Beverly. Dr. Beverly evaluated appellant and found that he was competent to stand trial. The JDR court accepted Dr. Beverly's assessment, found appellant competent to proceed with a delinquency hearing, and scheduled appellant for an adjudicatory hearing.

At no time prior to the commencement of the adjudicatory hearing did appellant "elect in writing to waive the jurisdiction of the [JDR] court and have his case transferred to the appropriate circuit court," pursuant to Code § 16.1-270.[1] At the adjudicatory hearing in the JDR court, appellant stipulated the evidence was sufficient to convict him of attempting to poison his mother with intent to injure or kill her, in violation of Code § 18.2-54.1, and entered "no plea" to the offense. The JDR court adjudicated appellant delinquent and committed him to the custody of the

_____

[1] Code § 16.1-270 provides:

> At any time prior to commencement of the adjudicatory hearing, a juvenile fourteen years of age or older charged with an offense which if committed by an adult could be punishable by confinement in a state correctional facility, with the written consent of his counsel, may elect in writing to waive the jurisdiction of the juvenile court and have his case transferred to the appropriate circuit court, in which event his case shall thereafter be dealt with in the same manner as if he had been transferred pursuant to this article.

- 2 -

Department of Juvenile Justice ("DJJ"). Appellant appealed the order of the JDR court to the circuit court for *de novo* review, pursuant to Code § 16.1-296(A).[2] At no time following his appeal of his delinquency adjudication did appellant ask to be tried as an adult in the circuit court, pursuant to Code § 16.1-270.

Following his appeal to the circuit court, appellant filed a motion with the circuit court for a psychiatric evaluation to determine his mental state at the time of the offense. Citing Commonwealth v. Chatman, 260 Va. 562, 538 S.E.2d 304 (2000), appellant conceded that the Supreme Court previously held that a juvenile possesses neither a statutory nor due process right to assert an insanity defense during a delinquency proceeding. However, appellant argued that to preclude him from asserting an insanity defense solely by virtue of his status as a juvenile violated his constitutional right to equal protection under the Fourteenth Amendment. U.S. Const. amend. XIV, § 1. In its memorandum opposing appellant's motion, the Commonwealth asserted that appellant, being tried as a juvenile in the circuit court, did not possess a fundamental right to assert an insanity defense and that a rational basis existed for denying juveniles in the juvenile justice system the statutory right to do so. The circuit court denied appellant's motion for a psychiatric evaluation to determine his sanity at the time of the offense. Appellant thereafter entered a conditional guilty plea, pursuant to Code § 19.2-254. The circuit court accepted appellant's conditional guilty plea, adjudicated him delinquent of the offense of attempting to poison his mother with intent to injure or kill her, in violation of Code § 18.2-54.1, and committed him to DJJ for an indeterminate period of time. Appellant timely filed this appeal.

---

[2] "From any final order or judgment of the [JDR] court affecting the rights or interests of any person coming within its jurisdiction, an appeal may be taken to the circuit court within [ten] days from the entry of a final judgment, order or conviction and shall be heard *de novo*." Code § 16.1-296(A).

## II.  ANALYSIS

Appellant asserts the circuit court's denial of his motion for a psychiatric evaluation prevented him from asserting an insanity defense and thereby violated his constitutional right to equal protection under the Fourteenth Amendment.  He asserts the disparate treatment provided to him as a juvenile interferes with his fundamental right to liberty and cannot survive strict scrutiny.[3]

Constitutional arguments present questions of law that this Court reviews *de novo*.  Shivaee v. Commonwealth, 270 Va. 112, 119, 613 S.E.2d 570, 574 (2005).

The Fourteenth Amendment forbids a State to "deny to any person within its jurisdiction the equal protection of the laws."  U.S. Const. amend. XIV, § 1.  The first step is to identify precisely the constitutional right at issue.  "'[C]lassifications not involving fundamental rights or inherently suspect classifications will survive an equal protection challenge if they bear a reasonable relation to a legitimate governmental objective.'"  Lockett v. Commonwealth, 17 Va. App. 488, 491, 438 S.E.2d 497, 499 (1993) (quoting Salama v. Commonwealth, 8 Va. App. 320, 323, 380 S.E.2d 433, 434 (1989)).  As appellant acknowledges, age is not a suspect classification under the Equal Protection Clause.  Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 83-84 (2000).  Further, no fundamental right to plead not guilty by reason of insanity exists in the Constitution.  See Medina v. California, 505 U.S. 437, 449 (1992) (noting that "[w]hile the Due Process Clause affords an incompetent defendant the right not to be tried," the Supreme Court has "not said that the Constitution requires the States to recognize the insanity defense").  We must therefore determine

---

[3] Arguably, circumstances could arise where evidence of a defendant's insanity at the time of the offense would preclude the Commonwealth from proving the intent element of the offense.  See, e.g., Price v. Commonwealth, 228 Va. 452, 323 S.E.2d 106 (1984) (describing the insanity defense as applied in Virginia).  However, appellant did not argue that he was entitled to a psychological evaluation on the basis of challenging the Commonwealth's proof of intent; nor does appellant challenge the sufficiency of the evidence.  Thus, this case does not call for us to examine the effects of such a situation.

"if there is a rational relationship between the disparity of treatment and some legitimate governmental purpose" in requiring an accused to be tried as an adult before availing himself to an insanity defense. Heller v. Doe, 509 U.S. 312, 320 (1993); see, e.g., Golden v. State, 21 S.W.3d 801, 804 (Ark. 2000) (holding that a rational basis existed for providing criminal defendants in circuit court the statutory right to assert the insanity defense "while not affording the same right to juveniles").

The General Assembly granted juveniles fourteen years of age or older charged with a felony offense the option "to waive the jurisdiction of the juvenile court and have his case transferred to the appropriate circuit court" having criminal jurisdiction of such offenses if committed by an adult. Code § 16.1-270. A juvenile who elects to waive the jurisdiction of the juvenile court "shall be tried" in the circuit court "in the same manner as provided for in the trial of adults, except as otherwise provided with regard to sentencing." Code § 16.1-272(A). Appellant, fifteen years of age at the time he attempted to poison his mother and adjudged competent to stand trial, had the right and capacity to elect to waive the jurisdiction of the juvenile court and undergo criminal proceedings in the circuit court. Code § 16.1-270. Had appellant waived the jurisdiction of the juvenile court, he would have been afforded the statutory right in the circuit court "to put in issue his sanity at the time of the crime charged." Code § 19.2-168. And, had the trier of fact in the circuit court acquitted appellant of attempted poisoning by reason of insanity, appellant would have had the right to undergo an evaluation to determine whether he may be "released with or without conditions or requires commitment," whether he "currently has mental illness," and whether he has "need for hospitalization with respect to the factors set forth in [Code] § 19.2-182.3." Code § 19.2-182.2.

Appellant contends on appeal that, because he is a juvenile, he was denied the ability to place in issue his sanity at the time he attempted to poison his mother. However, Virginia's

statutory scheme affords appellant the very right he asserts he was denied. Appellant merely chose not to avail himself of that alternative.

Juvenile courts, unknown at the time of the framing of the United States Constitution, are creatures of statute. The central aim of these courts is not punishment but rather rehabilitation of a juvenile. See, e.g., Conkling v. Commonwealth, 45 Va. App. 518, 522, 612 S.E.2d 235, 237 (2005). As such, the statutory scheme for these courts affords many advantages to juveniles. It may, in some circumstances, also present disadvantages. In electing to be tried in juvenile court, a juvenile accepts the statutory limitations that come with this forum, along with the advantages.[4]

By not invoking his right to be tried as an adult pursuant to Code § 16.1-270, appellant, age fifteen and found competent to stand trial, declined his right to assert the insanity defense available to him under the adult system. Because appellant had the same ability as any adult to assert the insanity defense, he suffered no disparate treatment. Consequently, appellant did not suffer a violation of his equal protection rights under the Constitution, and we affirm the ruling of the circuit court.

Affirmed.

---

[4] In fact, if an accused elected to be tried as an adult in order to assert an insanity defense, he would be forfeiting the protection of the JDR courts' limited jurisdiction over individuals who attain the age of twenty-one, see Code § 16.1-242, in favor of risking conviction of a Class 3 felony, which carries a twenty-year maximum term of incarceration, see Code § 18.2-10(c).